[No. B204210. Second Dist., Div. Three. July 21, 2009.]

ABBOTT LABORATORIES et al., Plaintiffs and Appellants, v. FRANCHISE TAX BOARD, Defendant and Respondent.

**COUNSEL**

Baker & McKenzie, J. Pat Powers, Tod L. Gamlen, Jerry Salcido and Scott L. Brandman for Plaintiffs and Appellants.

Edmund G. Brown, Jr., Attorney General, Felix E. Leatherwood and Brian D. Wesley, Deputy Attorneys General, for Defendant and Respondent.

Silverstein & Pomerantz, Amy L. Silverstein and Edwin P. Antolin for California Taxpayers' Association and River Garden Retirement Home as Amici Curiae.

**OPINION**

**KITCHING, J.—**

## INTRODUCTION

This appeal concerns the effect of *Farmer Bros. Co. v. Franchise Tax Bd.* (2003) 108 Cal.App.4th 976 [134 Cal.Rptr.2d 390] (*Farmer Bros.*) on Revenue and Taxation Code section 24402.[1] *Farmer Bros.* held that section 24402 violated the commerce clause of the United States Constitution by allowing a tax deduction to a corporation which received a dividend declared from income of a corporation subject to California tax, while not allowing a

---

[1] Unless otherwise specified, statutes in this opinion will refer to the Revenue and Taxation Code.

tax deduction to a corporation receiving a dividend declared from income of a corporation not subject to California tax.

Plaintiff Abbott Laboratories (Abbott) owned a 50 percent interest in TAP Pharmaceutical Products, Inc. (TAP), part of whose income was subject to California tax and which declared a dividend. Based on *Farmer Bros.*, defendant Franchise Tax Board (FTB) denied the dividends received deduction to Abbott, which paid the tax on the TAP dividend it received and sued FTB for a refund of that tax paid. Abbott appeals from an order dismissing its action after the trial court sustained the FTB's demurrer without leave to amend.

In this appeal Abbott proposes that this court rewrite section 24402, subdivision (a) to sever its invalid portion. We conclude that writing or reforming section 24402 in this manner would not be consistent with the enacting Legislature's intent and would contradict the purpose of its enactment, and therefore it would be inappropriate for this court to rewrite or reform the statute. We affirm the sustaining of the demurrer without leave to amend and the order of dismissal.

## FACTUAL AND PROCEDURAL HISTORY

On April 20, 2007, plaintiffs Abbott Laboratories, Abbott Laboratories, Inc., CMM Transportation, Inc., North Shore Properties, Inc., and Perclose, Inc., filed a complaint for refund of corporate franchise tax or income tax against defendant FTB, an agency of the State of California. Pursuant to the standard of review[2] of an order of dismissal entered following the sustaining of a demurrer, the facts alleged in the complaint are as follows.

Abbott Laboratories was and is a corporation organized and existing under the laws of the state of Illinois with its principal offices in the state of Illinois. Abbott Laboratories, Inc., CMM Transportation, Inc., North Shore Properties, Inc., and Perclose, Inc., were unitary subsidiaries of Abbott Laboratories included in its California tax returns and were corporations organized and existing under the laws of the state of Delaware.

---

[2] A demurrer tests the legal sufficiency of factual allegations in a complaint. (*Title Ins. Co. v. Comerica Bank—California* (1994) 27 Cal.App.4th 800, 807 [32 Cal.Rptr.2d 735].) "Our task in reviewing a judgment of dismissal following the sustaining of . . . a demurrer is to determine whether the complaint states, or can be amended to state, a cause of action. For that purpose we accept as true the properly pleaded material factual allegations of the complaint, together with facts that may properly be judicially noticed." (*Crowley v. Katleman* (1994) 8 Cal.4th 666, 672 [34 Cal.Rptr.2d 386, 881 P.2d 1083].)

During the 1999 and 2000 income years, Abbott manufactured and marketed pharmaceutical, nutritional, and medical products. Abbott timely filed California bank and corporation tax returns for the 1999 and 2000 income years.

At all times during the 1999 and 2000 income years, Abbott owned 50 percent of the outstanding common stock of TAP. Part of the income of TAP was subject to taxes imposed under section 23101 et seq., and part was not. Section 24402 limits the deduction for dividends received from other corporations based on the portion of the income of the dividend-paying corporation which was subject to tax imposed by the Revenue and Taxation Code. The complaint alleged that section 24402 facially discriminated against taxpayers such as Abbott, which owned stock in corporations doing business outside California, and that the previous taxation by California of income from which dividends are declared is what makes them eligible for total or partial deduction from income. The complaint alleged that the limitation on dividend deduction in section 24402 violates California and federal due process clauses (U.S. Const., 14th Amend., § 1; Cal. Const., art. I, § 7), the commerce clause (U.S. Const., art. I, § 8, cl. 3), and the equal protection clause of the Fourteenth Amendment to the United States Constitution.

The complaint alleged that *Farmer Bros., supra*, 108 Cal.App.4th 976 held that the limitation of the section 24402 deduction to dividends from income on which California tax had been imposed violated the commerce clause and affirmed a decision ordering a refund based on full deduction of dividends, subject to ownership requirements in section 24402, subdivision (b).

Pursuant to section 24402, for the 1999 and 2000 income years Abbott deducted amounts representing 80 percent of dividends received from TAP. The FTB denied said deductions and assessed additional tax, interest, and penalties. After exhausting its administrative remedies, Abbott paid the additional tax, interest, and penalties. The FTB denied Abbott's claim for refund and Abbott filed an action for tax refund.

The complaint alleged that by not allowing proper deduction for dividends, FTB illegally assessed and collected tax from Abbott for $715,735 in excess of Abbott's correct liability for 1999 and for $1,624,359 in excess of Abbott's correct liability for 2000. Abbott prayed for judgment in the amount of $2,340,094, plus interest paid, applicable penalties or such larger amount as provided by law, interest as provided by law, and such other relief (including, but not limited to, attorneys' fees) as the court found appropriate.

FTB demurred to the complaint, arguing, inter alia, that the *Farmer Bros.* holding that section 24402 was unconstitutional rendered that statute void, that section 24402 could not be reformed, and that statutory law required the FTB to disallow deductions under section 24402 after the *Farmer Bros.* decision.

Abbott's reply argued that California Supreme Court cases supported reformation of section 24402 by rewriting that statute to preserve its constitutionality and to preserve the deduction for dividends after eliminating the unconstitutional portions of section 24402.

On August 9, 2007, by minute order the trial court sustained the demurrer without leave to amend. The trial court's order stated that in light of the *Farmer Bros.* holding, Abbott could not state causes of action for tax refunds based on section 24402. *Farmer Bros.* held that the "dividends received deduction" of section 24402 violated the commerce clause of the United States Constitution by discriminating against corporations engaged in interstate commerce. The trial court stated that it would not depart from that precedent, which referred to the entire dividends received deduction scheme. The trial court refused to reform section 24402 because it could not " 'conclude with confidence that (i) it is possible to reform the statute in a manner that closely effectuates policy judgments clearly articulated by the enacting body, and (ii) the enacting body would have preferred such a reformed version of the statute to invalidation of the statute.' " (Quoting *Kopp v. Fair Pol. Practices Com.* (1995) 11 Cal.4th 607, 670 [47 Cal.Rptr.2d 108, 905 P.2d 1248] (*Kopp*).)

By its formal order filed on October 5, 2007, the trial court dismissed the action with prejudice.

Abbott filed a timely notice of appeal.

### ISSUES

Abbott claims on appeal that:

1. The trial court erroneously ruled that *Farmers Bros.* found section 24402 to be unconstitutional in its entirety;

2. The trial court erroneously failed to sever the unconstitutional limitation of the dividends received deduction from the valid provisions of section 24402;

3. Section 24402, and the Legislature's intent, can be preserved by applying it in a nondiscriminatory fashion.

DISCUSSION

1. *Section 24402*

Section 24401 states: "In addition to the deduction provided in Article 1 (commencing with Section 24341), there shall be allowed as deductions in computing taxable income the items specified in this article."

This appeal concerns the first such deduction in section 24402, which states, in relevant part: "(a) A portion of the dividends received during the taxable year declared from income which has been included in the measure of the taxes imposed under Chapter 2 (commencing with Section 23101), Chapter 2.5 (commencing with Section 23400), or Chapter 3 (commencing with Section 23501) upon the taxpayer declaring the dividends.

"(b) The portion of dividends which may be deducted under this section shall be as follows:

"(1) In the case of any dividend described in subdivision (a), received from a 'more than 50 percent owned corporation,' 100 percent.

"(2) In the case of any dividend described in subdivision (a), received from a '20 percent owned corporation,' 80 percent.

"(3) In the case of any dividend described in subdivision (a), received from a corporation that is less than 20 percent owned, 70 percent.

"(c) For purposes of this section:

"(1) The term 'more than 50 percent owned corporation' means any corporation if more than 50 percent of the stock of that corporation (by vote and value) is owned by the taxpayer. For purposes of the preceding sentence, stock described in Section 1504(a)(4) of the Internal Revenue Code shall not be taken into account.

"(2) The term '20 percent owned corporation' means any corporation if 20 percent or more of the stock of that corporation (by vote and value) is owned by the taxpayer. For purposes of the preceding sentence, stock described in Section 1504(a)(4) of the Internal Revenue Code shall not be taken into account."

The remainder of the statute concerns exceptions to the section 24402 deduction which do not apply in this appeal.

### 2. *The* Farmer Bros. *Decision*

*Farmer Bros.* held that section 24402 unconstitutionally violated the commerce clause of the United States Constitution.

In *Farmer Bros.*, the taxpayer Farmer Bros., a California corporation that manufactured and sold coffee and coffee-related products, filed corporate income or franchise tax returns with the FTB. The returns reported a "dividends received deduction" under section 24402, reflecting a portion of the dividends Farmer Bros. received during the income/tax year. Farmer Bros. owned less than 20 percent of stock in corporations that paid it dividends. In this circumstance section 24402 allowed a maximum deduction of 70 percent of the dividend amount. (*Farmer Bros., supra,* 108 Cal.App.4th at p. 981.) The FTB promulgated a schedule listing the corporations and the percentage of dividends deductible under section 24402, based on a formula that entitled the taxpayer to a greater deduction the more the payer corporation's income was subject to California corporate taxes. Taxpayer Farmer Bros. filed amended tax returns claiming a dividends received deduction for all dividends received for the years at issue and requested more than $800,000 in refunds on the ground that section 24402 violated the commerce clause. After the FTB denied the refund claims and the State Board of Equalization sustained that denial, taxpayer Farmer Bros. filed an action for refund of corporate franchise or income tax based on its assertion that section 24402 was unconstitutional under the commerce clause. Farmer Bros. argued that on its face, section 24402 discriminated against interstate commerce by improperly taxing income not attributable to business transacted in California, and that the deduction could not be justified as a lawful compensatory tax. (*Farmer Bros.,* at pp. 981–983.) The trial court found that section 24402 facially placed an unconstitutional burden on interstate commerce, found that Farmer Bros. was entitled to recover $811,000 in refunds of corporate income and franchise taxes for seven tax years, and entered judgment for Farmer Bros. FTB appealed. (*Farmer Bros.,* at pp. 984–985.)

■ The *Farmer Bros.* opinion quoted the commerce clause of the United States Constitution, which states: "Congress shall have Power . . . [¶] . . . [¶] To regulate Commerce with foreign Nations, and among the several States, and with the Indian Tribes." (U.S. Const., art. I, § 8, cl. 3.) Although it grants regulatory power to Congress, the clause has a negative aspect that denies

states the power to discriminate unjustifiably against or burden the interstate flow of articles of commerce. The negative or "dormant commerce clause" prohibits economic protectionism in the form of regulation which benefits in-state economic interests by burdening economic competitors from outside the state. (*Farmer Bros., supra*, 108 Cal.App.4th at pp. 985–986.) ■ To determine whether a state regulation violates the dormant commerce clause, "the first step is to determine whether it regulates evenhandedly[,] with only incidental effects on interstate commerce[,] or discriminates against interstate commerce. [Citation.] With respect to state taxation, a state law is treated as discriminatory if it taxes a transaction or incident more heavily when it crosses state lines than when it occurs entirely within the state. . . . A law that is discriminatory on its face must be invalidated unless the state can show that it advances a legitimate local purpose that cannot be adequately served by reasonable nondiscriminatory alternatives." (*Id.* at p. 986.) Even if it has no discriminatory goal or intent, a tax may violate the commerce clause if it (1) is facially discriminatory or (2) has the effect of unduly burdening interstate commerce. A State's justifications for discriminatory restrictions on commerce must pass the "strictest scrutiny." Under this heavy burden of justification, facial discrimination by itself may be a fatal defect. (108 Cal.App.4th at p. 986.)

■ *Farmer Bros.* held section 24402 to be "discriminatory on its face because it affords to taxpayers a deduction for dividends received from corporations subject to tax in California, while no deduction is afforded for dividends received from corporations not subject to tax in California." (*Farmer Bros., supra*, 108 Cal.App.4th at p. 986.) The section 24402 dividends received deduction favored dividend-paying corporations doing business and paying taxes in California over dividend-paying corporations which did not do business or pay taxes in California. (*Farmer Bros.*, at pp. 986–987.) The dividends received deduction of section 24402 favored intrastate commerce by giving a greater tax benefit to taxpayers investing in California corporations. By denying the dividends received deduction to taxpayers investing in non-California corporations, section 24402 discriminated against corporations engaged in business outside California. Thus it discriminated against interstate commerce in violation of the commerce clause. (*Farmer Bros.*, at pp. 988–989.)

> 3. Farmer Bros. *Found Section 24402 to Be Unconstitutional in Its Entirety*

Abbott claims that the trial court erroneously ruled that *Farmer Bros.* found section 24402 to be unconstitutional in its entirety.

Abbott focuses on subdivision (a) of section 24402, which defines dividends subject to the deduction in computing taxable income. The deduction is allowed for "[a] portion of the dividends . . . declared from income which has been included in the measure of the taxes imposed under Chapter 2 (commencing with Section 23101), Chapter 2.5 (commencing with Section 23400), or Chapter 3 (commencing with Section 23501) upon the taxpayer declaring the dividends." Chapters 2, 2.5, and 3 concern taxation of corporations doing business in California or deriving income from sources within California. Thus if a taxpayer owns part or all of a corporation which declares a dividend from income taxed under chapters 2, 2.5, or 3, section 24402, subdivision (a) would entitle the taxpayer to deduct a portion of those dividends from taxable income.

Abbott argues that the *Farmer Bros.* holding applies only to section 24402, subdivision (a), which discriminated against interstate commerce by allowing a deduction for dividends received from corporations subject to tax in California but not allowing this deduction for dividends received from corporations not subject to tax in California. Specifically, Abbott claims that only subdivision (a) of section 24402 was at issue in the *Farmer Bros.* case, and that the *Farmer Bros.* decision did not address the constitutional validity of subdivision (b).

We disagree. Having declared section 24402, subdivision (a) unconstitutional, *Farmer Bros.* eliminated the statutory deduction for dividends paid by corporations subject to tax in California. Subdivision (b) of section 24402 establishes the portions of dividends which may be deducted. The invalidation of the deduction as unconstitutional meant that the percentages used to calculate "[t]he portion of dividends which may be deducted under this section" could not be applied. (*Ibid.*) Thus it was unnecessary for *Farmer Bros.* to address whether section 24402, subdivision (b) was constitutional.

4. *It Would Be Inappropriate for This Court to Rewrite or Reform Section 24402, Subdivision (a)*

Abbott claims that the trial court erroneously failed to sever the unconstitutional provision in subdivision (a) from the remaining, valid provisions of section 24402.

*Farmer Bros.* held that allowing a deduction for dividends paid by corporations subject to tax in California favored those corporations, and allowing no deduction for dividends paid by corporations not subject to tax in

California unconstitutionally discriminated against such corporations. There are two ways to eliminate this differing, discriminatory treatment. The deduction for dividends of corporations subject to tax in California can be eliminated, so that no dividends paid by any corporation would receive a deduction. Alternatively, the section 24402 dividends received deduction could be extended to dividends paid by all corporations, whether or not they were subject to tax in California.

Abbott argues in favor of this latter alternative, and claims this court should sever unconstitutional portions of section 24402 from the valid portion and declare the remaining statute constitutional. Abbott relies on the severability clause in section 23057, which states that: "If any chapter, article, section, subsection, clause, sentence or phrase of this part which is reasonably separable from the remaining portions of this part, or the application thereof to any person, taxpayer or circumstance, is for any reason determined unconstitutional, such determination shall not affect the remainder of this part, nor, will the application of any such provision to other persons, taxpayers or circumstances, be affected thereby."

Abbott proposes that section 24402, subdivision (a) should be rewritten to delete all words after the word "year," so that subdivision (a) would state: "(a) A portion of the dividends received during the taxable year." This revision would have the effect of allowing a deduction in computing taxable income for dividends declared from the income of any corporation, whether or not its income was subject to California tax.

### a. *The Invalid Portion of Section 24402, Subdivision (a) Is Not Volitionally Separable*

A severability clause " ' "normally calls for sustaining the valid part of the enactment, especially when the invalid part is mechanically severable. . . ." ' . . . ' "[S]uch a clause plus the ability to mechanically sever the invalid part while normally allowing severability, does not conclusively dictate it. The final determination depends on whether the remainder . . . is complete in itself and would have been adopted by the legislative body had the latter foreseen the partial invalidity of the statute . . . or constitutes a completely operative expression of legislative intent . . . [and is not] so connected with the rest of the statute as to be inseparable." ' " (*Gerken v. Fair Political Practices Com.* (1993) 6 Cal.4th 707, 714 [25 Cal.Rptr.2d 449, 863 P.2d 694], italics omitted.) To be severable, " 'the invalid provision must be grammatically, functionally, and volitionally separable.' " (*Ibid.*)

To be grammatically separable, the valid and invalid parts of the statute can be separated by paragraph, sentence, clause, phrase, or even single words. (*People's Advocate, Inc. v. Superior Court* (1986) 181 Cal.App.3d 316, 330 [226 Cal.Rptr. 640].) Here the words after "year" in section 24402, subdivision (a) are "reasonably separable" from the remaining portions of section 24402, subdivision (a).

To be functionally separable, the remainder after separation of the invalid part must be " ' "complete in itself" ' " and "capable of independent application." (*People's Advocate, Inc. v. Superior Court, supra*, 181 Cal.App.3d at pp. 331–332.) After severance of the unconstitutional language, subdivision (a) of section 24402 appears to pass this functional separability test.

To be volitionally separable, "[t]he final determination depends on whether 'the remainder . . . is complete in itself and would have been adopted by the legislative body had the latter foreseen the partial invalidation of the statute' . . . or 'constitutes a completely operative expression of the legislative intent.' " (*Santa Barbara Sch. Dist. v. Superior Court* (1975) 13 Cal.3d 315, 331 [118 Cal.Rptr. 637, 530 P.2d 605], citation omitted.) Here, we find that the Legislature intended to provide the dividends received deduction only to dividends declared from income subject to tax in California.

Both parties have cited legislative history of section 24402. Abbott claims that the intent of the 1929 enactment was "to not tax the same dollar of corporate income more than once." (Nelson, *California's New Tax Laws; Corporation and Bank Tax Explained* (Apr. 1929) 7 The Tax Digest 129 [by State Senator H.C. Nelson].) As pointed out by the FTB, the full quotation from Senator Nelson's article states: "Dividends received by a corporation from other corporations, *to the extent that they are based on business done in California*, are deductible, the theory being to not tax the same dollar of corporate income more than once." (*Ibid.*, italics added.) The purpose of the section 24402 dividend deduction was "to avoid double taxation at the corporate level of income which has already been subjected to California taxation in the hands of the dividend-declaring corporation." (*Safeway Stores, Inc. v. Franchise Tax Board* (1970) 3 Cal.3d 745, 749–750 [91 Cal.Rptr. 616, 478 P.2d 48], italics omitted.)[3]

---

[3] "The very purpose of section 8 subdivision (h) [predecessor statute to § 24402] is to avoid double taxation and thereby prevent the destruction of capital assets. While it aims to tax all income received as dividends (except those exempted by law) which have not been taxed while in the treasury of the dividend payor, at the same time it purposes to avoid the inclusion of the same income in the measure of the tax to be paid by two or more different taxpayers. If the same dividend is included in the measure of the tax paid by two taxpayers successively under the Franchise Tax Act, the result is multiple taxation. It was to avoid such injustice that the Tax Commission reported to the governor on March 5, 1929, the proposed constitutional amendment 'to enable the legislature to extend special treatment to dividends received from a

■ As enacted by the Legislature, section 24402, subdivision (a) limited the dividends received deduction to dividends declared from income subject to California tax. Deleting the language imposing this limitation on the deduction from section 24402, subdivision (a) rewrites the statute to give the statute a purpose quite different from the one enacted by the Legislature. It therefore ceases to serve the function intended by the Legislature. " '[W]hen the main purpose of a statute is defeated by the unconstitutionality of part of the act, the whole act is invalid.' " (*Barlow v. Davis* (1999) 72 Cal.App.4th 1258, 1266 [85 Cal.Rptr.2d 752].)

Finally, severing all but the first 10 words of section 24402, subdivision (a), would constitute tax legislation by this court. We repeat that there are two ways to address the unconstitutional violation of the commerce clause by section 24402, subdivision (a): to treat all taxpayers and all income from which dividends are declared alike, by either (1) extending the dividends received deduction to all taxpayers, without regard to whether the corporate income from which the dividend was declared was subject to California tax, or (2) denying a dividends received deduction to all taxpayers. These tax policy choices diverge so greatly, and have such widely differing fiscal and budgetary effects, that the Legislature, not this court, must resolve the matter. The Legislature has the ability to hold hearings and to hear testimony from experts on the merits and effects of proposed changes to the statute. The Legislature might decide to adopt the statute Abbott proposes, but might also decide to deny a dividends received deduction altogether. That decision is properly a matter for the Legislature, not this court.

In light of the purpose of the enacting Legislature, to adopt Abbott's proposed revision of the statute "would essentially eviscerate the statute and 'would create a program quite different from the one the [Legislature] actually adopted.' . . . We are certain that the legislature . . . can do this better than we." (*Spokane Arcades, Inc. v. Brockett* (9th Cir. 1980) 631 F.2d 135, 139, citation omitted.) In California the Legislature has the entire lawmaking authority, limited only by the Constitution. "The principle that the Legislature

corporation which has already paid the tax with the object of avoiding double taxation.' (California State Printing Office Publication No. 63725, p. 278.)" (*Burton E. Green Inv. Co. v. McColgan* (1943) 60 Cal.App.2d 224, 231–232 [140 P.2d 451].)

Section 8 stated: "In computing 'net income' the following deductions shall be allowed: [¶] . . . [¶] (h) Dividends received during the taxable year from income arising out of business done in this state; but if the income out of which the dividends are declared is derived from business done within and without this state, then so much of the dividends shall be allowed as a deduction as the amount of the income from business done within this state bears to the total business done. [¶] The burden shall be on the taxpayer to show that the amount of dividends claimed as a deduction has been received from income arising out of business done in this state." (Stats. 1929, ch. 13, § 8, pp. 21, 23.)

may exercise all powers not denied to it by the Constitution ' "is of particular importance in the field of taxation, in which the Legislature is generally supreme." ' " (*County of Sonoma v. Commission on State Mandates* (2000) 84 Cal.App.4th 1264, 1280 [101 Cal.Rptr.2d 784].) The Legislature's authority to impose taxes exists unless expressly eliminated by the Constitution. (*Armstrong v. County of San Mateo* (1983) 146 Cal.App.3d 597, 624 [194 Cal.Rptr. 294].) The power to make laws, which includes the power to tax, is vested in the Legislature and cannot be delegated to the courts. This court has no power to rewrite the statute to make it conform to a presumed intention which its terms do not express. (*California Teachers Assn. v. Governing Bd. of Rialto Unified School Dist.* (1997) 14 Cal.4th 627, 633 [59 Cal.Rptr.2d 671, 927 P.2d 1175].)

■ We therefore conclude that the proposed revision of section 24402, subdivision (a) does not pass the volitional separability test. As the invalid provision, section 24402, subdivision (a), is not volitionally separable, we reject the claim that this court should sever all but the first 10 words of section 24402, subdivision (a) and declare the remaining statute constitutional.

> b. *Reformation of Section 24402, Subdivision (a) Is Inconsistent with the Enacting Legislature's Intent and Would Contradict the Purpose of That Enactment, and Therefore This Court Will Not Reform the Statute*

■ The court also has authority to rewrite a statute to preserve its constitutionality. (*Kopp, supra,* 11 Cal.4th at p. 615.) "[A] reviewing court may . . . reform a statute to conform it to constitutional requirements in lieu of simply declaring it unconstitutional and unenforceable. The guiding principle is consistency with the Legislature's . . . intent: a court may reform a statute to satisfy constitutional requirements if it can conclude with confidence that (i) it is possible to reform the statute in a manner that closely effectuates policy judgments clearly articulated by the enacting body, and (ii) the enacting body would have preferred such a reformed version of the statute to invalidation of the statute." (*Ibid.*) This judicial reformation of a statute, however, "is improper when the suggested reformation is inconsistent with the Legislature's intent, or when that intent cannot be ascertained." (*Id.* at p. 643, italics omitted.)

As we have stated, *ante,* the purpose of section 24402, subdivision (a) dividend deduction was "to avoid double taxation at the corporate level of income which has already been subjected to California taxation in the hands

of the dividend-declaring corporation." (*Safeway Stores, Inc. v. Franchise Tax Board, supra,* 3 Cal.3d at pp. 749–750, italics omitted.) This purpose was clearly expressed by the predecessor statute to section 24402, enacted in 1929 (quoted in fn. 3), and by an article describing the 1929 enactment written by State Senator H.C. Nelson, quoted *ante.* The reformation of section 24402, subdivision (a) urged by Abbott does not closely effectuate the policy judgment clearly articulated by the enacting body. It does not limit the dividends received deduction to dividends declared from income already subjected to California taxation; instead it contradicts that policy judgment by allowing the dividends received deduction for dividends declared from income of any corporation, whether or not that income was already subjected to California taxation. For this reason the reformation of section 24402, subdivision (a) urged by Abbott is inconsistent with the enacting body's intent. (*Kopp, supra,* 11 Cal.4th at p. 655.)

■ There is moreover no basis for this court to conclude with confidence that the enacting body—the 1929 Legislature—would have preferred the reformed construction to invalidation of section 24402, subdivision (a). (*Kopp, supra,* 11 Cal.4th at p. 661.) This court cannot reform section 24402 to extend the dividends received deduction to all dividends, from whatever corporate source, without engaging in judicial policymaking in the guise of statutory reformation. Such policymaking encroaches on the Legislature's function and violates the separation of powers doctrine. (*Kopp,* at p. 661.) "In the context of cases involving tax statutes that violate the Commerce Clause, the courts have consistently declined to exercise the power of judicial reformation to cure the constitutional violation." (*Ventas Finance I, LLC v. Franchise Tax Bd.* (2008) 165 Cal.App.4th 1207, 1224 [81 Cal.Rptr.3d 823].)

We conclude that the proposed reformation would be improper and this court refuses to reform section 24402, subdivision (a).

### 5. *Abbott Untimely Raised Its Claim of Error Regarding Its Second Cause of Action, and Therefore This Court Need Not Consider It*

Abbott claims that its second cause of action relies on the same operative facts as its first cause of action, but raises additional constitutional grounds for relief, such as that the FTB's failure to allow deduction of dividends received violates the due process and equal protection clauses (U.S. Const., 14th Amend., § 1; Cal. Const., art. 1, § 7). Abbott raises this claim for the first time in its reply brief, and therefore this court need not consider it. (*Medill v. Westport Ins. Corp.* (2006) 143 Cal.App.4th 819, 836, fn. 3 [49 Cal.Rptr.3d 570].)

## DISPOSITION

The judgment is affirmed. Costs on appeal are awarded to defendant Franchise Tax Board.

Klein, P. J., and Aldrich, J., concurred.

On August 6, 2009, the opinion was modified to read as printed above. Appellants' petition for review by the Supreme Court was denied October 28, 2009, S175798.