DHANIDINA, J.
*281 *962 Ronald D. and Pamela S. Mass (Taxpayers) bought shares in a company that invests in government bonds. They received dividends derived from interest on those bonds. Because the California Constitution exempts interest on government bonds from taxation, Taxpayers contend that their dividends were unconstitutionally taxed. We disagree.
BACKGROUND
The parties stipulated to the following facts. Taxpayers reside in California. They held shares in The Blackrock Insured Municipal Term Trust, Inc. (BMT), a regulated investment company (RIC). ( Int.Rev. Code, § 851.) BMT received 12.41 percent of its interest income from its holdings in California municipal bonds. During the 2010 tax year, Taxpayers received interest dividends[1] from their investments in BMT, but did not report the interest dividends as taxable income. The Franchise Tax Board (the Board) assessed taxes against Taxpayers on the interest income, which they protested.
The amount of tax in controversy is $7,384, which is the tax assessed on the interest dividends Taxpayers received from BMT that were derived from California bonds. Taxpayers filed a claim for refund, which the Board denied. They also filed an appeal with the State Board of Equalization, which was denied.
Taxpayers then filed a complaint for a refund of taxes in the superior court. The parties stipulated to the facts and did not present any witness testimony. Taxpayers argued that Revenue and Taxation Code section 17145 ( section 17145 ), which purports to tax interest income on bonds exempted from taxation under article XIII, section 26, subdivision (b) of the California Constitution (article XIII), is unconstitutional on its face. Taxpayers also argued that, because BMT is an RIC that passes through bond interest to investors, the taxability of the interest income does not change merely because it changes hands. The Board countered that because the bond interest was distributed to Taxpayers as a "dividend" by a corporation, it lost the exemption.
*963 The trial court ruled in favor of the Board, reasoning that even though the Constitution exempts interest income on state bonds from taxation, the Legislature had the authority to create an exception to the exemption for certain interest on state bonds.
DISCUSSION
I. Standard of review
Taxpayers' facial challenge to the constitutionality of section 17145 is a question of law that we review de novo. (See Sanchez v. State of California (2009) 179 Cal.App.4th 467, 486, 101 Cal.Rptr.3d 670.) When deciding a facial challenge, we consider only the text of the statute and not its application to any particular circumstance. ( *282 Tobe v. City of Santa Ana (1995) 9 Cal.4th 1069, 1084, 40 Cal.Rptr.2d 402, 892 P.2d 1145.) There are two tests for a facial challenge. Under the stricter test, the statute will be upheld unless it conflicts with the Constitution in all circumstances. Under the more lenient test, the statute will be upheld unless it conflicts with the Constitution in most circumstances. ( City of Bellflower v. Cohen (2016) 245 Cal.App.4th 438, 443, 199 Cal.Rptr.3d 383.) Regardless of which test is applied, "the party challenging the constitutionality of the statute bears a heavy burden and cannot prevail simply by suggesting a hypothetical in which the application of the statute would be unconstitutional." ( Ibid. )
II. Article XIII
Our analysis begins with the constitutional exemption in article XIII. We apply the basic principles of constitutional interpretation and statutory construction. ( Richmond v. Shasta Community Services Dist. (2004) 32 Cal.4th 409, 418, 9 Cal.Rptr.3d 121, 83 P.3d 518.) If the language is clear and unambiguous, the plain meaning governs. ( People v. Lopez (2003) 31 Cal.4th 1051, 1056, 6 Cal.Rptr.3d 432, 79 P.3d 548.) Only if the language is ambiguous will we consider extrinsic evidence and legislative history. ( Silicon Valley Taxpayers' Assn., Inc. v. Santa Clara County Open Space Authority (2008) 44 Cal.4th 431, 444-445, 79 Cal.Rptr.3d 312, 187 P.3d 37.) Article XIII states plainly: "Interest on bonds issued by the State or local government in the State is exempt from taxes on income." Interest means compensation for the use or forbearance of money. ( Deputy v. du Pont (1940) 308 U.S. 488, 498, 60 S.Ct. 363, 84 L.Ed. 416.) A state or local bond is a long-term, interest-bearing debt, instrument issued by a government entity. (Black's Law Dict. (11th ed. 2019) p. 220.) Accordingly, the constitutional provision means what it says, interest on state or local government bonds is tax-exempt and excludable from income.
*964 III. Section 17145
Because article XIII exempts interest on state and local bonds from personal taxable income, the issue becomes whether section 17145 violates that exemption. Section 17145 provides that an RIC is qualified to pay exempt interest dividends if, at the close of each quarter of its taxable year, at least 50 percent of the value of its total assets consists of obligations which, when held by an individual, the interest therefrom would be exempt from taxation. Thus, Taxpayers contend, when an RIC has less than 50 percent of the value of its total assets in tax-exempt bonds, but still pays dividends to its shareholders with funds derived from the interest on those bonds, the resulting tax on the shareholder violates article XIII's exemption as an indirect tax on constitutionally exempt interest. The Board argues that RIC's like BMT, are not true pass-through entities and may only pass on the character of tax-exempt interest on government bonds when the asset threshold conditions of section 17145 are met.
IV. Section 17145 does not conflict with the constitution
" 'Unlike the Federal Constitution, which is a grant of power to Congress, the California Constitution is a limitation or restriction on the powers of the Legislature.' [Citations.] Thus, 'the entire law-making authority of the state, except the people's right of initiative and referendum, is vested in the Legislature, and that body may exercise any and all legislative powers which are not expressly or by necessary implication denied to it by the Constitution.' [Citations.] '[W]e do not look to the Constitution to determine whether the Legislature is authorized to do an act, but only to see if it is prohibited.' [Citations.]
*283 "The above stated principle 'is of particular importance in the field of taxation, in which the Legislature is generally supreme.' [Citations.] 'Generally the Legislature is supreme in the field of taxation, and the provisions on taxation in the state Constitution are a limitation on the power of the Legislature rather than a grant to it.' [Citation.] 'In other words, the Legislature's authority to impose taxes and regulate the collection thereof exists unless it has been expressly eliminated by the Constitution.' " ( Howard Jarvis Taxpayers' Assn. v. Fresno Metropolitan Projects Authority (1995) 40 Cal.App.4th 1359, 1374-1375, 48 Cal.Rptr.2d 269.)
Article XIII is silent on exempt interest dividends paid to shareholders. Therefore, based on its plain language, there is no conflict between the constitutional exemption and section 17145. "Constitutional provisions and statutes granting exemption from taxation are strictly construed to the end that such concession will be neither enlarged nor extended beyond the *965 plain meaning of the language employed." ( Cedars of Lebanon Hosp. v. County of L. A. (1950) 35 Cal.2d 729, 734, 221 P.2d 31.) "Grants of immunity from taxation, in derogation of a sovereign power of the state, are strictly construed." ( Pacific Co. v. Johnson (1932) 285 U.S. 480, 491, 52 S.Ct. 424, 76 L.Ed. 893.) "The Legislature may grant or deny a tax credit in any manner it sees fit, aside from constitutional constraints not at issue here, and the scope, application, and terms of eligibility are entirely for the Legislature to establish. Our role is confined to ascertaining what the Legislature has actually done, not assaying whether sound policy might support a different rule." ( General Motors Corp. v. Franchise Tax Bd. (2006) 39 Cal.4th 773, 790, 47 Cal.Rptr.3d 233, 139 P.3d 1183.) Any doubts as to the application of the exemption must be resolved in favor of the Board.[2] ( Ibid. )
Essentially, the parties' fundamental disagreement is whether the distributions received by Taxpayers should be classified as dividends or interest on a bond. In other words, the issue is whether dividends derived from interest retain their tax-exempt status when distributed from an RIC holding less than 50 percent in state and local bonds. Relying on Brown v. Franchise Tax Bd. (1987) 197 Cal.App.3d 300, 304-305, 242 Cal.Rptr. 810, the Taxpayers argue that the distinction between tax-exempt interest and dividends to shareholders that are derived from that interest is "economically meaningless."
However, Brown is factually and legally distinguishable. Unlike BMT, which only had 12.41 percent of its interest income from California municipal bonds, the investment companies in Brown had 100 percent of their funds invested in federal obligations and all distributions to their investors originated from those obligations. ( Brown v. Franchise Tax Bd. , supra , 197 Cal.App.3d at p. 302, 242 Cal.Rptr. 810.) Notably, after Brown was decided, the Legislature amended section 17145 (Stats. 1988, ch. 671, § 1, p. 2269) to allow an RIC's holdings in federal obligations to count towards the 50 percent threshold. Hence, there was no need for Brown to consider the effect of section 17145's threshold requirement because the companies were indisputably over the threshold, and federal obligations were excluded from section 17145. The distinction between exempt interest and dividends to *284 shareholders, which the Taxpayers claim Brown rejected, was considered in a wholly different context, where no interest on federal obligations was exempt regardless of how much an RIC invested in those obligations. Brown 's suggestion that distributions to a shareholder made by an RIC retain their tax-exempt status as *966 interest is therefore inapplicable here. Taxpayers simply have not established that section 17145 conflicts with the tax exemption under article XIII.
DISPOSITION
The judgment is affirmed. The parties are to bear their own costs on appeal.
I concur:
MURILLO, J.*

The parties describe the distributions from BMT as "interest dividend," and we adopt that description.

This is not an endorsement of the trial court's ruling that the Legislature was authorized to create an "exception to the exemption." While the Legislature's authority to impose taxes is generally supreme, it cannot run afoul of the Constitution. (Abbott Laboratories v. Franchise Tax Bd. (2009) 175 Cal.App.4th 1346, 1359-1360, 96 Cal.Rptr.3d 864.)

Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.