Filed 2/3/16  P. v. Grundstrom CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>DONALD GRUNDSTROM,<br><br>    Defendant and Respondent. | 2d Crim. No. B263885<br>(Super. Ct. No. 15PT-00079)<br>(San Luis Obispo County) |

The trial court vacated an order by the Board of Parole Hearings (Board) certifying respondent Donald Grundstrom as a mentally disordered offender (MDO).  It found the Board waited too long to begin the MDO evaluation and certification process and ordered Grundstrom released from custody.  The People appeal, contending the trial court erred because the Board acted within the time provided by Penal Code section 2963.[1]  We agree with the People.  The trial court's order is reversed.

*Facts and Procedural History*

Respondent was sentenced on September 4, 2014 to three years in prison following his conviction of assault with force likely to produce great bodily injury.  By that time, he had accumulated custody credits that were just 10 days' shy of three years. The California Department of Corrections and Rehabilitation (CDCR) determined that

---

[1] All statutory references are to the Penal Code unless otherwise stated.

1

respondent's maximum release date was September 25, 2014. He was not released on September 25, but was instead transferred to state custody and received there one day later, on September 26.

On October 3, 2014, the CDCR notified respondent of its determination that respondent "meets the screening criteria to ascertain whether referral to the Department of State Hospitals (DSH) for treatment as [an MDO] pursuant to PC Section 2962 is appropriate." The CDCR imposed "a 45-day 'No Bail' hold pursuant to [Penal Code] Section 2963 to facilitate full MDO evaluations by CDCR and DSH clinicians." A chief psychiatrist evaluated respondent and, on October 30, 2014, certified that he met the MDO criteria. Respondent was paroled to the state hospital for treatment as an MDO. On January 28, 2015, the Board sustained respondent's MDO certification.

Respondent requested a hearing following the Board's commitment order. On March 30, 2015, respondent filed a motion to grant his petition challenging the MDO certification on the ground that it had been untimely. Respondent contended that, because his maximum release date was September 25, he was already a parolee on October 3, when the CDCR imposed the 45-day hold and began the MDO certification process. Section 2962, subdivision (d)(1) mandates that the MDO certification process begin "prior to release on parole." Respondent's certification as an MDO was, he contended, untimely. Appellant opposed the petition, arguing the certification was timely because it occurred within the 45-day extension period authorized by section 2963.

The trial court agreed with respondent. It reasoned that the CDCR could have imposed the 45-day hold on any date before respondent's maximum release date of September 25. On the 25th, however, "they ran out of time to do anything. On the 25th they could have done the 45-day; on the 26th they couldn't, and not in October." It granted the petition because, it concluded, section 2963 "is not enough to cover the situation we have here, as [respondent] was technically not in custody at the time of the 45-day extension for evaluation."

2

*Discussion*

"Penal Code section 2962, which is part of the Mentally Disordered Offender (MDO) Act, requires civil commitment of a state prisoner during and after parole when a chief psychiatrist of the [CDCR] has certified that the prisoner suffers from a severe mental disorder that is not or cannot be kept in remission without treatment, that the disorder was one of the causes of or an aggravating factor in the prisoner's qualifying crime, that the prisoner has been in treatment for the disorder for at least 90 days within the year preceding release on parole, and that the prisoner represents a substantial danger of physical harm to others by reason of the disorder. (Pen.Code, § 2962, subd. (d)(1).)" *People v. Harrison* (2013) 57 Cal.4th 1211, 1215.) The certification and treatment process begins "[p]rior to release on parole . . . ." (§ 2962, subd. (d)(1).)

Section 2963 provides, "Upon a showing of good cause, the [Board] may order that a person remain in custody for no more than 45 days beyond the person's scheduled release date for full evaluation pursuant to paragraph (1) of subdivision (d) of Section 2962 and any additional evaluations pursuant to paragraph (2) of subdivision (d) of Section 2962." (§ 2963, subd. (a).) "Good cause," in this context means, "circumstances where there is a recalculation of credits or a restoration of denied or lost credits, a resentencing by a court, the receipt of the prisoner into custody, or equivalent exigent circumstances which result in there being less than 45 days prior to the person's scheduled release date for the evaluations described in subdivision (d) of Section 2962." (§ 2963. subd. (b).)

Section 2963 is virtually identical to Welfare & Institutions Code section, 6601.3, a provision of the Sexually Violent Predators Act (SVPA). (Welf. & Inst. Code, 6600, et. seq.) Like section 2963, Welfare and Institutions Code section 6601.3 allows the Board to impose a 45-day hold on an inmate, to facilitate his or her evaluation for commitment as a sexually violent predator. The statute defines "good cause" as identical to section 2963. (Welf. & Inst. Code, sec. 6601.3, subd. (b).) As the court explained in *Orey v. Superior Court* (2013) 213 Cal.App.4th 1241, 1248, this statutory definition "identifies specific judicial or administrative actions that may reduce the time available to

3

complete the sexually violent predator evaluations . . . . Each of those actions is outside the control of the CDCR, BPH, or DMH and is not part of the SVPA screening and evaluation process itself." (*Id.* at p. 1252; see also *In re Lucas* (2012) 53 Cal.4th 839, 850, 852 [good cause means a cause unrelated to inmate dangerousness or official negligence that justifies delay in filing SVP petition].)

Here, respondent was sentenced to state prison only 10 days before his maximum release date. This circumstances was outside the control of the CDCR. Respondent was received in state custody the day after his sentence expired. Seven days later, on October 3, the CDCR notified respondent that the 45-day hold had been imposed. Appellant completed the evaluation process and paroled respondent to the state hospital on October 30, less than 45 days after the hold was imposed.

We conclude good cause existed to support imposition of the 45-day hold. Respondent was received in state custody one day after his maximum release date. Section 2963 authorizes the hold where an inmate is "received into custody" less than 45 days before his or her term expires. In addition, respondent was sentenced to state prison only 10 days before his maximum release date. The extremely short time period between respondent's initial sentencing and his maximum release date constituted "equivalent exigent circumstances" within the meaning of the statute and justified imposition of the 45-day hold. These circumstances were outside the control of the CDCR and the Board, and neither appears to have been caused by the negligence of either entity. (*People v. Gerard* (2015) 243 Cal.App.4th 242.)

Respondent contends the 45-day hold was unlawful because he was not lawfully in custody on the day it was imposed but was instead a parolee. (See, *Blakely v. Superior Court* (2010) 182 Cal.App.4th 1445, 1454-1455; *Terhune v. Superior Court* (1998) 65 Cal.App.4th 864, 875.) We are not convinced. Section 2963 does not require the CDCR to notify a prisoner of the 45-day hold before the prisoner's maximum release date. It requires that the MDO evaluation process be completed within 45 days of the prisoner's scheduled release date. (§ 2963, subd. (a) ["Upon a showing of good cause, the [Board] may order that a person remain in custody for no more than 45 days beyond the

4

person's scheduled release date for full evaluation . . . ."].) The Board met that deadline here, completing respondent's evaluation within 25 days of his maximum release date.

We conclude the trial court erred when it granted respondent's petition and vacated his MDO certification. Good cause supported the 45-day hold imposed by the Board because respondent was sentenced only 10 days before, and received in state custody one day after his maximum release date. These circumstances left CDCR and the Board with inadequate time to complete the MDO evaluation before respondent's release date, through no fault of either entity, and therefore constituted exigent circumstances within the meaning of section 2963, subdivision (b). Because the evaluation was completed within the 45-day period, we conclude respondent remained lawfully in custody during that period. (*People v. Gerard, supra,* 243 Cal.App.4th 242.) Accordingly, the judgment and order on motion to grant petition dated April 6, 2015 is reversed.

NOT TO BE PUBLISHED.

YEGAN, J.

We concur:

GILBERT, P.J.

PERREN, J.

5

Hugh Mullin, Judge

Superior Court County of San Luis Obispo

_____

Kamala D. Harris, Attorney General,  Jennifer Neill, Senior Assistant Attorney General, Julie A. Malone, Supervising Deputy Attorney General, Charles Chung, Deputy Attorney General, for Appellant.

Gerald Miller, under appointment by the Court of Appeal, for Respondent.