[Crim. No. 2369. First Dist., Div. Two. Nov. 1, 1945.]

THE PEOPLE, Respondent, v. GEORGE R. WHITE et al., Appellants.

George R. White and Walter Lloyd, in pro. per., for Appellants.

Robert W. Kenny, Attorney General, David K. Lener and Miriam E. Wolff, Deputies Attorney General, Edmund G. Brown, District Attorney, and Charles S. Peery, Assistant District Attorney, for Respondent.

DOOLING, J. pro tem.—Defendants appeal from a judgment of conviction of a violation of section 503 of the Vehicle Code. The evidence shows that one Seeman parked his automobile on Valencia Street in San Francisco about seventy-five feet south of the entrance to the apartment house in which he lived. He took the ignition key from the car but did not lock its doors. About 1:30 a. m. two policemen saw this automobile slowly moving north on Valencia Street without lights and with the hood open. Upon investigation they observed the defendant White seated in the car behind the steering wheel and the defendant Lloyd with one foot on the right running board of the automobile and the other foot on the street, pushing the automobile forward. They waited until they had seen the car moved about twenty feet and then arrested the defendants.

The sole claim on appeal is that the evidence does not establish the completed crime of driving or taking an automobile denounced by section 503 Vehicle Code, but at most shows only an attempt to commit that crime. There is nothing in this point. To constitute a taking of the automobile there must be an asportation, but ''Any removal, however slight, of the entire article, which is not attached either to the soil, or to anything not removed, is sufficient.'' (15 Cal.Jur. 905; *People* v. *Dukes,* 16 Cal.App.2d 105 [60 P.2d 197] ; see 36 C.J. 749-750; 32 Am.Jur. 902-906; 2 Wharton's Criminal Law, 12th ed., 1480-1482; 2 Bishop's Criminal Law, 9th ed., 606; and cases collected in the notes in 19 A.L.R. 726 et seq. and 144 A.L.R. 1385 et seq.) Defendants had taken the car into their possession and were forcibly moving it from the place where its owner had left it. We are satisfied that this constituted a taking within the meaning of the Vehicle Code section.

Judgment affirmed.

Nourse, P. J., and Goodell, J., concurred.