[No. S106681. Nov. 24, 2003.]

THE PEOPLE, Plaintiff and Respondent, v.
DANIEL SAPIEN LOPEZ, Defendant and Appellant.

COUNSEL

Joseph Shipp, under appointment by the Supreme Court, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner and Robert R. Anderson, Chief Assistant Attorneys General, Jo Graves, Assistant Attorney General, Patrick J. Whalen, Michael A. Canzoneri and Brian G. Smiley, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

CHIN, J.—The crime of carjacking requires the "felonious taking" of a motor vehicle. (Pen. Code, § 215.)[1] Similarly, the crime of robbery requires the "felonious taking" of personal property. (§ 211.) California courts, following common law, have long held that the "taking" element of robbery requires that a defendant gain possession of the victim's property *and* asport or carry it away. (See *People v. Cooper* (1991) 53 Cal.3d 1158, 1165 [282 Cal.Rptr. 450, 811 P.2d 742] (*Cooper*); Perkins & Boyce, Criminal Law (3d ed. 1982) § 2, pp. 343–344 (Perkins).) Does the felonious taking element of

---

[1] Except as otherwise noted, all further statutory references are to the Penal Code.

the crime of carjacking, like robbery, require asportation or movement of the motor vehicle? We conclude that it does. Because the Court of Appeal came to a contrary decision, we reverse that court's judgment.

## I. BACKGROUND

On July 1, 1999, Wa Vue Yang was seated inside his van in a parking lot when defendant approached him and offered to sell him a watch. When Yang replied that he had a watch, defendant pulled out a gun and shot at the ground. He pointed the gun at Yang and ordered him out of his van. Yang complied, but left his keys in the ignition. Defendant sat in the van and threw his backpack onto the passenger seat. As Yang began to leave, he remembered that he had left some checks inside the van. Deciding that defendant's weapon was an air gun, Yang's fear subsided. He returned to the van to retrieve his checks. Defendant pointed his gun at Yang and pulled the trigger twice, but the gun did not fire. Defendant fled from the van and left his backpack, containing identification, in the van.

Defendant committed a series of other unrelated crimes. After a court trial, the trial court found defendant guilty of multiple felony offenses, including carjacking (§ 215, subd. (a)) for the criminal activity against Yang (count V). Under the three strikes law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)), the court imposed a lengthy term of imprisonment.

The Court of Appeal affirmed the carjacking conviction. It rejected defendant's claim that, because the vehicle had not been moved or the engine started, there was insufficient evidence of a completed carjacking and he was guilty only of attempted carjacking. Determining that carjacking and robbery are not analogous crimes, the court held that actual movement of a motor vehicle is not required to complete the offense of carjacking. We granted review to settle the conflict between this case and *People v. Vargas* (2002) 96 Cal.App.4th 456 [116 Cal.Rptr.2d 867] (*Vargas*), which held that carjacking requires movement of the vehicle because robbery is an analogous statute and it requires movement of the property taken.

## II. DISCUSSION

Carjacking is defined as "*the felonious taking* of a motor vehicle in the possession of another, from his or her person or immediate presence, or from the person or immediate presence of a passenger of the motor vehicle, against his or her will and with the intent to either permanently or temporarily deprive the person in possession of the motor vehicle of his or her possession, accomplished by means of force or fear." (§ 215, subd. (a), italics added.)

Robbery is defined as *"the felonious taking* of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." (§ 211, italics added.)

Defendant relies on *Vargas, supra,* 96 Cal.App.4th 456. He argues that, because the Legislature used the same "felonious taking" phrase in defining carjacking, it intended that the phrase be given the same meaning as the analogous provision in the robbery statute. ■ Following the common law crime of larceny, California courts have construed the taking element of robbery to include two necessary elements: caption or gaining possession of the victim's property, and asportation or carrying away the loot. (*People v. Hill* (1998) 17 Cal.4th 800, 852 [72 Cal.Rptr.2d 656, 952 P.2d 673]; *Cooper, supra,* 53 Cal.3d at p. 1165; see also *People v. Tufunga* (1999) 21 Cal.4th 935, 945–947 [90 Cal.Rptr.2d 143, 987 P.2d 168]; Perkins, *supra,* § 2, pp. 343–344.) The Attorney General responds that the Legislature created a new crime of carjacking, which, although resembling the crime of robbery in some respects, is a separate crime with meaningful differences. Although we agree with the Attorney General that "[t]he analogy between robbery and carjacking is imperfect" (*People v. Hill* (2000) 23 Cal.4th 853, 860 [98 Cal.Rptr.2d 254, 3 P.3d 898]), "[t]here is no evidence the Legislature intended to adopt a 'felonious taking' requirement different from that for robbery." (*Vargas, supra,* 96 Cal.App.4th at p. 463.)

■ In construing a statute, our role is to ascertain the Legislature's intent so as to effectuate the purpose of the law. (*People v. Gardeley* (1996) 14 Cal.4th 605, 621 [59 Cal.Rptr.2d 356, 927 P.2d 713].) In determining intent, we must look first to the words of the statute because they are the most reliable indicator of legislative intent. (*People v. Lawrence* (2000) 24 Cal.4th 219, 230 [99 Cal.Rptr.2d 570, 6 P.3d 228].) If the statutory language is clear and unambiguous, the plain meaning of the statute governs. (*Id.* at pp. 230–231.) "If, however, the language supports more than one reasonable construction, we may consider 'a variety of extrinsic aids, including the ostensible objects to be achieved, the evils to be remedied, the legislative history, public policy, contemporaneous administrative construction, and the statutory scheme of which the statute is a part.' [Citation.] Using these extrinsic aids, we 'select the construction that comports most closely with the apparent intent of the Legislature, with a view to promoting rather than defeating the general purpose of the statute, and avoid an interpretation that would lead to absurd consequences.' [Citation.]" (*People v. Sinohui* (2002) 28 Cal.4th 205, 211–212 [120 Cal.Rptr.2d 783, 47 P.3d 629].)

■ Section 215, subdivision (a), requires the "taking" of a motor vehicle. Defendant claims that the plain meaning of the word "taking" requires proof of asportation. However, terms such as "asportation," "carries or drives

away," or "movement" do not appear in the statute. The plain meaning of "taking" does not necessarily impute an asportation requirement. (See *Carter v. United States* (2000) 530 U.S. 255, 272 [147 L.Ed.2d 203, 120 S.Ct. 2159] [comparing 18 U.S.C. § 2113(a) and (b), one of which required a taking while the other specified taking and carrying away].) In contrasting "taking" from "carrying away," one commentator noted that "A *taking* occurs when the offender secures dominion over the property, while a carrying away requires some slight movement away of the property." (3 LaFave, Substantive Criminal Law (2003) Larceny Taking and Carrying Away, § 19.3, p. 74, italics added.) Thus, we must look to extrinsic sources to determine legislative intent.

The Legislature created the crime of carjacking in 1993. (Stats. 1993, ch. 611, § 6, p. 3508.) Prior to the enactment of section 215, the forcible taking of a motor vehicle was charged and prosecuted as a second degree robbery. (See *People v. Duran* (2001) 88 Cal.App.4th 1371, 1376 [106 Cal.Rptr.2d 812]; *People v. Hamilton* (1995) 40 Cal.App.4th 1137, 1141–1142 [47 Cal.Rptr.2d 343]; see also Sen. Rules Com., Off. of Sen. Floor Analyses, Rep. on Sen. Bill No. 60 (1993–1994 Reg. Sess.) as amended Sept. 8, 1993, p. 1.) The legislative history reveals the underlying purpose for creating the new crime of carjacking: "According to the author [of the legislative bill]: [¶] There has been *considerable increase in the number of persons who have been abducted,* many have been subjected to the violent taking of their automobile and some have had a gun used in the taking of the car. This relatively 'new' crime appears to be as much thrill-seeking as theft of a car. If all the thief wanted was the car, *it would be simpler to hot-wire the automobile without running the risk of confronting the driver.* People have been killed, seriously injured, and placed in great fear, and this calls for a strong message to discourage these crimes. Additionally law enforcement is reporting this new crime is becoming the initiating rite for aspiring gang members and the incidents are drastically increasing. [¶] Under current law there is no carjacking crime per se and many carjackings cannot be charged as robbery because it is difficult to prove the intent required of a robbery offense (to permanently deprive one of the car) since many of these gang carjackings are thrill seeking thefts. There is a need to prosecute this crime." (Assem. Com. on Pub. Safety, Analysis of Sen. Bill No. 60 (1993–1994 Reg. Sess.) July 13, 1993, p. 1, italics added.)

 Thus, the legislative history demonstrates that carjacking was made a separate offense because of perceived difficulties with obtaining convictions under the robbery statute. (*People v. Hamilton, supra,* 40 Cal.App.4th at pp. 1141–1142.) In addition, because of the potentially violent nature of the taking and growing frequency of the crime, the Legislature made the punishment for carjacking greater than that for second degree robbery. (*People v.*

*Antoine* (1996) 48 Cal.App.4th 489, 495 [56 Cal.Rptr.2d 530]; *People v. Hamilton, supra,* at p. 1141.)

██ As the Attorney General asserts, there are significant differences between the crimes of carjacking and robbery. First, carjacking requires either an intent to permanently or temporarily deprive; robbery requires an intent to permanently deprive. (*People v. Dominguez* (1995) 38 Cal.App.4th 410, 418 [45 Cal.Rptr.2d 153].) As reflected above, the Legislature changed the intent requirement of carjacking "to close a potential loophole." (*People v. Hamilton, supra,* 40 Cal.App.4th at p. 1141.)

Second, "[u]nlike robbery, which requires a taking from the person or immediate presence of the possessor (§ 211), the Legislature expanded the taking element to a taking from the person or immediate presence of either the possessor or any passenger. (§ 215, subd. (a).)" (*People v. Hill, supra,* 23 Cal.4th at p. 860, italics omitted.)

Third, robbery can involve any type of personal property, while carjacking involves only vehicles. (*In re Travis W.* (2003) 107 Cal.App.4th 368, 373 [132 Cal.Rptr.2d 135]; *People v. Alvarado* (1999) 76 Cal.App.4th 156, 160 [90 Cal.Rptr.2d 129].)

As introduced, the Assembly bill defined carjacking as "the felonious taking *or seizure of, or the exercise of control over,* a motor vehicle . . . ." (Assem. Bill No. 6 (1993–1994 Reg. Sess.) as introduced Dec. 7, 1992, italics added.) The italicized language was later deleted from the Assembly bill. (Assem. Bill No. 6 (1993–1994 Reg. Sess.) as amended Feb. 23, 1993.) From this amended deletion, defendant infers that the Legislature intended that the "taking" include a movement or asportation requirement. However, we do not find the deletion particularly telling. We agree with the Attorney General that it was just as likely that the Legislature dropped the language as surplusage, or did so to conform to the original version of the Senate's carjacking bill, which only specified a "taking." (Sen. Bill No. 60 (1993–1994 Reg. Sess.) as introduced Jan. 4, 1993.)

Also, in one version of the Senate bill, the Legislature redefined the offense of carjacking to include "the attempt to take, a vehicle." (Sen. Bill No. 60 (1993–1994 Reg. Sess.) as amended Feb. 17, 1993.) In the next Senate amendment, the Legislature deleted the "attempt to take" language from the definition of carjacking. (Sen. Bill No. 60 (1993–1994 Reg. Sess.) as amended Mar. 8, 1993.) Defendant argues that the Legislature was presumably aware that the absence of asportation—not just caption—is a recognized basis for distinguishing attempts from completed taking offenses such as larceny and robbery. (See, e.g., People v. Bigelow (1984) 37 Cal.3d 731, 753

[209 Cal.Rptr. 328, 691 P.2d 994]; *People v. Shannon* (1998) 66 Cal.App.4th 649, 654 [78 Cal.Rptr.2d 177]; *People v. Green* (1979) 95 Cal.App.3d 991, 1000 [157 Cal.Rptr. 520].) He posits that the deletion of an attempted taking from the definition of carjacking reflects that the Legislature intended to require the elements of caption and asportation for a completed carjacking. In other words, it intended to maintain the usual distinction between a completed taking offense and an attempted taking offense.

. However, another difference between completed and attempted offenses is the punishment imposed. ■ Persons guilty of attempting an offense are sentenced to one-half the term of imprisonment prescribed upon a conviction of the offense attempted. (§ 664, subd. (a).) Indeed, a staff analysis prepared for a legislative committee suggests that the Legislature focused on the difference in punishments that are generally imposed for completed and attempted offenses. The staff analysis comments: "This bill would include an attempt within the definition of carjacking, thereby providing for a full term for attempted carjacking. [¶] Proponents have not indicated why attempted carjacking should be treated differently from virtually all other attempts." (Sen. Com. on Judiciary, Analysis of Sen. Bill No. 60 (1993–1994 Reg. Sess.) as amended Feb. 17, 1993, p. 4.) Thus, it appears more likely that the Legislature's subsequent deletion of the "attempt to take" language from the definition of carjacking reflected a desire to maintain the general punishment scheme for attempted offenses, rather than a commentary on the substantive elements of the crime.

Nevertheless, the carjacking statute's language and legislative history—reflected in the author's explanation for the new crime—demonstrate that carjacking is a direct offshoot of robbery and that the Legislature modeled the carjacking statute on the robbery statute. The definition in the carjacking statute (§ 215, subd. (a)) tracks the language in the robbery statute (§ 211). "Both involve 'the felonious taking' of property that is 'in the possession of another' person. Both require that the taking be from the 'person or immediate presence' of the person. Both are 'accomplished by means of force or fear.' " (*In re Travis W., supra*, 107 Cal.App.4th at p. 373; cf. *Jones v. United States* (1999) 526 U.S. 227, 235 [143 L.Ed.2d 311, 119 S.Ct. 1215] [federal carjacking statute modeled on federal robbery statutes].)

The carjacking statute itself reflects the overlap between carjacking and robbery. It states, "This section shall not be construed to supersede or affect Section 211. A person may be charged with a violation of this section and Section 211. However, no defendant may be punished under this section and Section 211 for the same act which constitutes a violation of both this section and Section 211." (§ 215, subd. (c); see *People v. Ortega* (1998) 19 Cal.4th 686, 700

[80 Cal.Rptr.2d 489, 968 P.2d 48] [§ 215 permits multiple convictions of carjacking and robbery based on the same conduct, but prohibits multiple punishment for the same act].)

In the related crime of unlawful driving or taking of a motor vehicle, the statute similarly proscribes the taking of a vehicle under specified conditions. (Veh. Code, § 10851, subd. (a).) Vehicle Code section 10851, subdivision (a), provides: "Any person who drives or *takes* a vehicle not his or her own, without the consent of the owner thereof, and with intent either to permanently or temporarily deprive the owner thereof of his or her title to or possession of the vehicle, whether with or without intent to steal the vehicle, or any person who is a party or an accessory to or an accomplice in the driving or unauthorized taking or stealing, is guilty of a public offense . . . ." (Italics added.) "To satisfy the asportation requirement for robbery, 'no great movement is required, and it is not necessary that the property be taken out of the physical presence of the victim.' (2 Witkin & Epstein [Cal. Criminal Law (2d ed. 1988)] Crimes Against Property, § 641, p. 723.) '[S]light movement' is enough to satisfy the asportation requirement. (*Cooper, supra*, 53 Cal.3d at p. 1165; *People v. Pham* (1993) 15 Cal.App.4th 61, 65 [18 Cal.Rptr.2d 636].)" (*People v. Hill, supra*, 17 Cal.4th at p. 852.) Consistent with the common law on takings of larceny and robbery, California courts have long construed the unlawful taking or driving of a vehicle to also require asportation—" '[a]ny removal, however slight.' " (*People v. White* (1945) 71 Cal.App.2d 524, 525 [162 P.2d 862]; see also *People v. Ragone* (1948) 84 Cal.App.2d 476, 479 [191 P.2d 126]; *People v. Lewis* (1947) 81 Cal.App.2d 119, 125 [183 P.2d 271]; 2 Witkin & Epstein, Cal. Criminal Law (3d ed. 2000) § 67, pp. 95–96.)

■ When legislation has been judicially construed and a subsequent statute on a similar subject uses identical or substantially similar language, the usual presumption is that the Legislature intended the same construction, unless a contrary intent clearly appears. (*People v. Harrison* (1989) 48 Cal.3d 321, 329 [256 Cal.Rptr. 401, 768 P.2d 1078]; see also *People v. Jones* (2001) 25 Cal.4th 98, 112 [104 Cal.Rptr.2d 753, 18 P.3d 674] (conc. opn. of Chin, J.).) Moreover, if a term known to the common law has not otherwise been defined by statute, it is assumed that the common law meaning was intended. (3 Wharton, Criminal Law (15th ed. 1995) § 342, p. 350; see also § 7, par. 16; *Carter v. United States, supra*, 530 U.S. at p. 266 ["we have not hesitated to turn to the common law for guidance when the relevant statutory text does contain a term with an established meaning at common law"]; *People v. Tufunga, supra*, 21 Cal.4th at p. 946 [by adopting the phrase "felonious taking" as used in the common law with regard to larceny and robbery statutes, the Legislature in all likelihood intended to incorporate the same meanings attached to those phrases at common law].) ■ Because the "felonious taking" in the crime of robbery has an established meaning at

common law and the same "taking" language appears in the carjacking, robbery, and unlawful taking or driving of a vehicle statutes, we presume that the Legislature intended the same meaning, unless a contrary intent clearly appears.

The Attorney General claims that because the Legislature expanded the taking element to include the possessor or any passengers (§ 215, subd. (a)), a contrary intent does appear for construing the "taking" element for carjacking differently. He relies on *People v. Hill, supra*, 23 Cal.4th 853, in which we commented that "[t]he analogy between robbery and carjacking is imperfect. . . . By extending carjacking to include a taking from a passenger, even one without a possessory interest (assuming the other elements of the crime are present), the Legislature has made carjacking more nearly a crime against the person than a crime against property." (*Id.* at p. 860.) Moreover, we refused to construe the element "against his or her will" in lockstep with the robbery statute and held that an infant can be the victim of a carjacking even though he or she is unaware of the taking or too young to give or withhold consent. (*Id.* at pp. 855, 860–861.)

Using *Hill* as a springboard, the Attorney General further argues that because carjacking is "more nearly a crime against the person than a crime against property" (*People v. Hill, supra*, 23 Cal.4th at p. 860), movement of the vehicle is unrelated to the serious potential for harm to the victim, and thus is not required. Using the facts of this case as illustration, he claims that a defendant who gains possession and control of a vehicle using threats of violence, exposes the victim to the same risks, irrespective of whether the vehicle moves. However, the legislative history indicates that the Legislature was specifically concerned with the "considerable increase in the number of persons who have been abducted" in their vehicles and the associated danger to the driver or passenger. (Assem. Com. on Pub. Safety, Analysis of Sen. Bill No. 60 (1993–1994 Reg. Sess.) July 13, 1993, p. 1.) Indeed, the facts in *Hill* illustrate the increased risks involved with abductions during a carjacking. There, defendant took the victim's car and drove off with the victim and her seven-month-old daughter still in the car. The infant was unbuckled from her carseat, and rolled around the front seat as the vehicle moved. Given the unique nature of the taking and the identical threat of violence and serious potential for harm to all occupants of the car, we analogized the crime of carjacking with kidnapping and found no reason in logic or policy for the Legislature to have precluded an infant from being a victim of a carjacking. (*People v. Hill, supra*, 23 Cal.4th at pp. 859–860.)

The Attorney General admits that by limiting section 215 to one specific type of property, a motor vehicle, the Legislature focused on criminal conduct *akin to hijacking* that preys on victims in vulnerable circumstances. (*People v.*

*Hill, supra,* 23 Cal.4th at pp. 859–860; *People v. Duran, supra,* 88 Cal.App.4th at p. 1376 [§ 215 "was passed in 1993 to address what was then an increasingly dangerous problem of people being abducted from their cars, sometimes at gunpoint"].) Nevertheless, he is correct that a completed carjacking occurs whether the perpetrator drives off with the carjacking victim in the car or forcibly removes the victim from the car *before driving off. (People v. Duran, supra,* at pp. 1375–1377 [vehicle driven with victims inside]; *People v. Hamilton, supra,* 40 Cal.App.4th at p. 1140 [vehicle driven without victims inside].) The inherent dangers and risk of harm to the victim is the same whether the perpetrator drives off or remains stationary after forcibly removing the victim from the vehicle. The Attorney General further argues that the purpose of an asportation requirement in larceny and robbery is to provide an external and observable manifestation of the wrongdoer's possession and control over the property. (See *People v. Alamo* (1974) 34 N.Y.2d 453, 457–458 [315 N.E.2d 446, 449, 358 N.Y.S.2d 375]; Dressler, Understanding Criminal Law (2d ed. 1995) Theft, § 32.05, pp. 515–516;2 Burdick, The Law of Crime (1946) § 500, pp. 265–266.) Unlike robbery of personal property, in which dispossession is made by physically removing the property from the victim's possession, the forcible removal or expulsion of the *victim* from his van and defendant's entry into that van perfected the caption requirement, without the need for the observable act of moving the van. (See *People v. Alamo, supra,* 34 N.Y.2d at p. 458 [movement or motion of car not essential to show possession and control of car under larceny statute].) Thus, he posits that the legislative concern with abductions means only that movement of the vehicle should be a sufficient, but not a necessary condition for carjacking.

Although the Attorney General's arguments are reasonable, we agree with defendant that they are policy arguments reserved for the Legislature. As it stands, based on the language of the statute and its legislative purpose, carjacking adapts and expands specific elements of robbery to address increasing auto theft incidents by perpetrators who may not intend to permanently deprive their victims of possession of their vehicles, but whose criminal acts nevertheless heighten the risk of harm to a broader range of victims than were covered under the existing crime of robbery. Thus, the Legislature expanded the taking element to include takings from either the possessor or any passenger, including an infant, but neither the words of the carjacking statute nor the legislative history indicates that the Legislature intended to alter the meaning of "felonious taking" with respect to the requirement of asportation. The legislative history is replete with comparisons between robbery and the new crime of carjacking. Noting the deficiencies in charging and prosecuting a carjacking under the robbery statute, the Legislature affirmatively adjusted the carjacking elements—as distinct from robbery—to include a taking from a passenger, even one without a possessory interest,

and to include an intent to temporarily deprive a person of possession of the motor vehicle. (§ 215, subd. (a).) ■ Yet the legislative history is silent as to whether the Legislature intended to further distinguish the crime of carjacking from the crime of robbery by eliminating the asportation requirement. In the absence of a contrary intent, we presume that in adopting the phrase, "felonious taking," from the robbery statute, the Legislature intended that those same words within section 215 be given the same construction.

Finally, the Attorney General contends that even if there is an asportation requirement, defendant's act of forcibly removing the victim from his van satisfied it. Again asserting that asportation serves only as an observable manifestation of dominion and control, he argues that "[t]here is no reason in logic or policy why physical dispossession may be made by slight movement of the property but not the exile of the owner." That may be so, but the argument is not supported by the plain language of the statute. ■ Section 215, subdivision (a), requires "the felonious taking of a motor vehicle . . . *from* . . . [the] person or immediate presence" of the possessor or passenger. (Italics added.) It does not require the felonious taking of the possessor or passenger *from* the motor vehicle.[2] Consequently, defendant's conduct is punishable as an attempted carjacking. (*Vargas, supra,* 96 Cal.App.4th at p. 463 [carjacking conviction reduced to lesser included offense of attempted carjacking].)

## III. DISPOSITION

We reverse the judgment of the Court of Appeal relating to the carjacking conviction (count V) and remand the case to that court for further proceedings consistent with this opinion. The judgment of the Court of Appeal is otherwise affirmed.

George, C. J., Kennard, J., Baxter, J., Werdegar, J., Brown, J., and Moreno, J., concurred.

---

[2] We disapprove *People v. Alvarado, supra,* 76 Cal.App.4th at pages 161–162, to the extent it suggests that the victim's flight from the vehicle satisfies the asportation requirement of carjacking.