Filed 3/10/16  P. v. Salinas CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION 2

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ARTHUR R. SALINAS,<br><br>    Defendants and Appellant. | A144491<br><br>(San Francisco County<br>Super. Ct. No. SCN 222179) |

## INTRODUCTION

The sole issue raised by defendant Arthur R. Salinas in this appeal is that the trial court erred in finding his prior Texas robbery conviction qualified as a serious or violent felony under the Three Strikes law.  The Attorney General agrees that the evidence was insufficient to make that finding.  We agree, and will remand the case to the trial court for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

Because this case concerns only one aspect of the court trial on prior convictions, we describe the rest of the facts only briefly.

By information filed May 14, 2014, defendant was charged with forcible rape, forcible oral copulation, and failure to register as a sex offender, along with special allegations and many prior strike convictions, serious felony convictions, and prison priors.  A jury found him guilty of failing to register as a sex offender (Pen. Code, § 290,

1

subd. (b))¹ (count 3), and not guilty of forcible oral copulation and its lesser included offense. The jury was unable to reach a verdict on the forcible rape charge, and a mistrial was declared on that count, which was later dismissed at the request of the prosecution.

On October 21, 2014, the prosecution filed a first amended information alleging the same offenses charged in the May 14, 2014, information, but altering the prior conviction allegations. A court trial on the prior convictions was held on October 21, 2014.

At the court trial on the defendant's prior convictions, the prosecution moved into evidence as People's Exhibit 28 the grand jury indictment, judgment, and waiver of rights form from defendant's Texas conviction for robbery in 1975.² This was the extent of the evidence on the 1975 Texas robbery conviction. Defendant argued that the Texas robbery conviction did not qualify as a robbery in California because Texas robbery law did not require that property be taken from the victim's person or immediate presence or that the property be carried away.

The trial court found that the prior strike allegation based on defendant's Texas robbery conviction was true, and that this conviction constituted a strike under California law.

The trial court also found true prior strike and prior prison allegations based on defendant's convictions for rape and for unauthorized use of a motor vehicle, both in Texas. The findings as to these convictions are not at issue in this appeal, and we do not address them further.

On March 2, 2015, defendant was sentenced to serve 27 years to life in prison.

_____

[1] All further undesignated statutory references are to the Penal Code.

[2] The prosecution and the trial court in the matter before us also referred to People's Exhibit 26, which consists of the trial, punishment and sentencing transcript for defendant's Texas rape conviction in 1982. At the "punishment phase" of defendant's rape trial in Texas, the prosecutor referred to defendant's prior 1975 Texas robbery conviction, and stated "that robbery, physically taking someone's money by use of force, is a violent crime." But as the Attorney General concedes, this statement cannot be considered part of the record of conviction for the Texas robbery.

Defendant timely appealed.

DISCUSSION

Both defendant and the Attorney General are in agreement that there was insufficient evidence to support the trial court's finding that the Texas robbery conviction qualifies as a California strike prior.

A prior conviction in another jurisdiction qualifies as a strike for purposes of California's Three Strikes sentencing law if it includes all the elements of a crime that is a serious or violent felony in California. (§ 667, subd. (d)(2); *People v. Woodell* (1998) 17 Cal.4th 448, 453.) It is undisputed that robbery is a " 'serious felony' " under section 1192.7, subdivision (c)(19) as well as a " 'violent felony' " as described in section 667.5, subdivision (c)(9).

"The prosecution has the burden of proving beyond a reasonable doubt each element of a prior conviction used to enhance a defendant's sentence." (*People v. Rodriguez* (2004) 122 Cal.App.4th 121, 128) (*Rodriguez*).) As our Supreme Court explained in *People v. Guerrero* (1988) 44 Cal.3d 343, 354-355, in considering section 667 enhancements involving out-of-state convictions, "the court may look to the entire record of the conviction to determine the substance of the prior foreign conviction; but when the record does not disclose any of the facts of the offense actually committed, the court will presume that the prior conviction was for the least offense punishable under the foreign law."

The indictment and judgment are part of the record of conviction. (*See People v. McMahan* (1992) 3 Cal.App.4th 740, 745-746 [indictment]; *People v. Miles* (2008) 43 Cal.4th 1074, 1082.) We review the evidence to determine whether substantial evidence supports the trial court's finding. (*Rodriguez, supra*, 122 Cal.App.4th at p. 128.)

The crime of robbery in California is defined as "the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." (§ 211.) "California courts have construed the taking element of robbery to include two necessary elements: caption or

3

gaining possession of the victim's property, and asportation or carrying away the loot." (*People v. Lopez* (2003) 31 Cal.4th 1051, 1056.)

The parties are in agreement that asportation is not a required element of robbery under Texas law,[3] and another court in this state has so held. (*Rodriguez, supra,* 122 Cal.App.4th at p. 130.[4]) "In Texas, 'actual commission of the offense of theft is not prerequisite to the commission of a robbery[.]' " (*Ibid*.) Further, Texas robbery law, unlike California, does not require the property to be taken from a victim's possession. (*Ibid*.; *cf. People v. Nguyen* (2000) 24 Cal.4th 756, 764 [robbery victim must be in actual or constructive possession of property taken].)

The trial court in the matter before us considered the indictment, the judgment and waiver of trial rights from defendant's 1975 Texas robbery conviction. The only evidence of the circumstances of the 1975 robbery was the following statement in the indictment: that defendant "did then and there unlawfully while in the course of

---

[3] We granted the Attorney General's unopposed Request for Judicial Notice of Texas Penal Code sections 29.01, 29.02, 31.01 and 31.03 as effective in 1974 when defendant was charged with robbery in Texas. These statutes are relevant to defendant's claim that his Texas robbery conviction was not a serious or violent felony under California law.

Texas Penal Code section 29.02, subdivision (a) provided that a person perpetrates robbery "if, in the course of committing theft as defined in Chapter 31 of this code and with intent to obtain or maintain control of the property, he [¶] (1) intentionally, knowingly, or recklessly causes bodily injury to another; or (2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death."

" 'In the course of committing theft' means conduct that occurs in an attempt to commit, during the commission, or in the immediate flight after the attempt or commission of theft." (Texas Pen. Code, § 29.01, subd. (1).)

"Theft" was defined as "an offense if, with intent to deprive the owner of property: [¶] (1) [the defendant] obtains the property unlawfully; or [¶] (2) [the defendant] exercises control over the property, other than real property, unlawfully." (Texas Pen. Code, § 31.03, subd. (a).)

[4] *Rodriguez* considered Texas robbery law as it existed in 1975. The Attorney General states (and defendant does not dispute) that Texas robbery law did not change between 1974 and 1975. In fact, both parties rely on *Rodriguez* in urging that the trial court in this case erred.

committing theft of money owned by . . . Complainant, and with intent to obtain and maintain control of the property, intentionally and knowingly threaten and place Complainant in fear of imminent bodily injury and death." As the Attorney General concedes, "There was no evidence that [defendant] took property from the victim's actual or constructive possession and carried it away, and because 1974 Texas robbery law did not require those elements, the trial court erred when it determined [defendant's] Texas robbery conviction qualified as a strike under California law. (See [*Rodriguez*], *supra*, 122 Cal.App.4th at p. 131.)" We agree, and on that basis conclude there was insufficient evidence to support this finding by the trial court.

## DISPOSITION

The trial court's determination that defendant's prior Texas robbery conviction qualified as a strike prior under California law is reversed. The case is remanded for retrial of the strike prior, and if necessary for resentencing. The judgment is otherwise affirmed.

_____

Miller, J.

We concur:

_____

Richman, Acting P.J.

_____

Stewart, J.

A144491, *People v. Salinas*