Filed 4/25/16  In re S.C. CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re S.C., a Person Coming Under the Juvenile Court Law. | C079500 |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>S.C.,<br><br>        Defendant and Appellant. | (Super. Ct. No. JV136551) |

Minor S.C. appeals following the denial of her request to seal records outside the custody of the juvenile court under Welfare and Institutions Code section 786.[1]  She contends the juvenile court erred by failing to seal records in the possession of law

---

[1]     Undesignated statutory references are to the Welfare and Institutions Code.

1

enforcement, the probation department, and the district attorney's office.  We conclude the juvenile court did not err, and therefore affirm.

## DISCUSSION

We dispense with a recitation of the facts because they are unnecessary to the resolution of this appeal.  It suffices to say that a section 602 petition was filed alleging that S.C. committed a burglary in violation of Penal Code section 459, and that S.C. possessed an alcoholic beverage in violation of Business and Professions Code section 25662, subdivision (a).  Following her admission to committing petty theft in violation of Penal Code section 484, subdivision (a), S.C. was placed on informal probation under section 654.2.

In June 2015, after finding that S.C. had satisfactorily completed informal probation, the juvenile court dismissed the section 602 petition and ordered all records in the custody of the court sealed pursuant to section 786.  On appeal, S.C. contends the juvenile court erred by failing to seal records in the possession of law enforcement, the probation department, and the district attorney's office.  We disagree.

At the time the section 602 petition was dismissed, section 786 provided, in relevant part:  "If the minor satisfactorily completes . . . an informal program of supervision pursuant to Section 654.2, . . . the court shall order the petition dismissed, and the arrest . . . shall be deemed not to have occurred.  The court shall order sealed all records pertaining to that dismissed petition in the custody of the juvenile court . . . ." (§ 786; Stats. 2014, ch. 249, § 2.)

"In construing a statute, our role is to ascertain the Legislature's intent so as to effectuate the purpose of the law.  [Citation.]  In determining intent, we must look first to the words of the statute because they are the most reliable indicator of legislative intent. [Citation.]  If the statutory language is clear and unambiguous, the plain meaning of the statute governs.  [Citation.]"  (*People v. Lopez* (2003) 31 Cal.4th 1051, 1056.)  In other words, if there is "no ambiguity or uncertainty in the language, the Legislature is

2

presumed to have meant what it said," and it is not necessary to "resort to legislative history to determine the statute's true meaning." (*People v. Cochran* (2002) 28 Cal.4th 396, 400-401.)

We find no error. While the recently amended version of section 786 supports S.C.'s position,[2] it was not in effect at the time the juvenile court issued its sealing order. When the sealing order was issued, the unambiguous language of section 786 only required the juvenile court to seal records in the custody of the court. S.C. has not cited, and we are unaware of, any controlling or persuasive authority supporting the conclusion that section 786 required the juvenile court to seal records outside its custody at the time the order was made. We are not persuaded by S.C.'s contention that the statute should be interpreted to require a juvenile court to seal all case-related records in the custody of law enforcement, the probation department, and the district attorney's office. Doing so would require us to include language omitted from the statute in violation of "the cardinal rule that courts may not add provisions to a statute or rewrite it to conform to an assumed intent that does not appear from its plain language." (*People v. Connor* (2004) 115 Cal.App.4th 669, 692.) If the Legislature had intended the interpretation urged by S.C., it knew how to do so, as evidenced by the amended version of section 786. We presume the Legislature meant exactly what it said. This is not an extreme case in which it is appropriate to disregard unambiguous statutory language. (*Gorham Co., Inc. v. First Financial Ins. Co.* (2006) 139 Cal.App.4th 1532, 1544 [courts should disregard unambiguous language "only in 'extreme cases'–those in which, as a matter of law, the Legislature did not intend the statute to have its literal effect"].)

---

[2]    Effective January 1, 2016, section 786 provides, in relevant part: "If a minor satisfactorily completes . . . probation under Section 725, . . . the court shall order the petition dismissed. The court shall order sealed all records pertaining to that dismissed petition in the custody of the juvenile court, and in the custody of law enforcement agencies, the probation department, or the Department of Justice." (§ 786, subd. (a).)

S.C. requests remand and, although the People argue that the records to be sealed were correctly limited to the records in the juvenile court's custody, the People also suggest we remand for further proceedings given the subsequent amendment.

We reject the parties' assertion that remand is appropriate. "A new or amended statute applies prospectively only, unless the Legislature clearly expresses an intent that it operate retroactively." (*People v. Ledesma* (2006) 39 Cal.4th 641, 664.) There is no expression of any intent that the amended version of section 786 operate retroactively. Nor does the rule of retroactivity announced in *In re Estrada* (1965) 63 Cal.2d 740 apply. In *Estrada*, our Supreme Court held that when the Legislature enacts a provision lessening punishment and there is no saving clause, the rule is that the amendment will operate retroactively so that the lighter punishment is imposed. (*Id*. at p. 748.) We conclude that section 786, as amended, does not qualify as an amendatory statute lessening punishment within the meaning of *Estrada*. The issue is whether the Legislature has deemed a lesser punishment sufficient. (*Id*. at p. 745.) Accordingly, because the amendments to section 786 do not operate to reduce punishment, we find no basis to remand under *Estrada*.

We note, however, that S.C. is not without a remedy. She may petition to extend the sealing order because she is now 19 years old. (See § 781, subd. (a)(1)(A); Cal. Rules of Court, rule 5.830.)

4

DISPOSITION

The juvenile court's sealing order is affirmed.

                                         NICHOLSON     , J.

We concur:

        RAYE            , P. J.

        BLEASE        , J.