Filed 4/29/16  In re John L. CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re JOHN L., a Person Coming Under the Juvenile Court Law. | |
| | D068410 |
| THE PEOPLE, | |
| Plaintiff and Respondent, | (Super. Ct. No. J234303) |
| v. | |
| JOHN L., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Browder

A. Willis III, Judge.  Affirmed.

Steven S. Lubliner, under appointment by the Court of Appeal, for Defendant and

Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney

General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina and Christine

L. Bergman, Deputy Attorneys General, for Plaintiff and Respondent.

In 2013 and 2014, John L. (Minor) had two petitions filed against him alleging offenses for unrelated incidents. For each petition, he was adjudged a ward of the juvenile court under Welfare and Institutions Code section 602[1] and placed on probation. In 2015, the court found that Minor satisfactorily completed his terms of probation for the offense alleged in the later-filed petition, which was then dismissed and sealed. The court did not seal records relating to his prior petition. Minor contends the court erred by not sealing the records pertaining to his prior petition under section 786.[2] Based on the plain language of the statute, we conclude the court did not err. Accordingly, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

1.    *Petition No. 1*: *G5243*

In November 2013, the juvenile court declared Minor to be a ward after he admitted to committing felony elder abuse in violation of Penal Code section 368, subdivision (b)(1). The court placed Minor with his mother, subject to supervision by a probation officer. Minor was ordered to obey all federal, state, county, and city laws.

2.    *Petition No. 2*: *G6253*

In March 2014, a new petition (G6253) was filed against Minor, relating to an incident at his school. He admitted to one count alleged in the new petition of battering a

---

[1]    Subsequent unspecified statutory references are to the Welfare and Institutions Code.

[2]    Subsequent unspecified references to section 786 are to the version effective January 1, 2015, to December 31, 2015. (Stats. 2014, ch. 249, § 2, p. 2506.)

school employee (Pen. Code, § 243.6). The juvenile court continued Minor's wardship and ordered him to be supervised by a probation officer.

In April 2015, Minor's probation officer applied for an order terminating wardship and requesting the records for G6253 be sealed, noting Minor's satisfactory compliance with his probation terms. At a hearing, Minor's counsel acknowledged that section 786 did not permit the court to seal records pertaining to "all petitions." The juvenile court terminated jurisdiction, found Minor had satisfactorily completed the terms and conditions of probation, and dismissed and sealed his "most recent petition [G6253]."

Minor timely appealed on the ground that records pertaining to his prior petition, G5243, should have also been sealed.

DISCUSSION

Minor contends the juvenile court misinterpreted or misapplied section 786 and erred by not sealing his prior petition. He argues that the court "necessarily" found that he satisfactorily completed probation for the offense alleged in his prior petition despite the lack of an explicit finding to that effect.

Section 786 provides in pertinent part: "*If* the minor satisfactorily completes . . . a term of probation for any offense not listed in subdivision (b) of Section 707, the court shall order the petition dismissed, and the arrest upon which the judgment was deferred shall be deemed not to have occurred. The court shall order sealed all records pertaining to *that dismissed petition* in the custody of the juvenile court. . . ." (Italics added.) It is undisputed that Minor's offenses are not listed in section 707, subdivision (b).

"In construing a statute, our role is to ascertain the Legislature's intent so as to

3

effectuate the purpose of the law. [Citation.] In determining intent, we must look first to the words of the statute because they are the most reliable indicator of legislative intent. [Citation.] If the statutory language is clear and unambiguous, the plain meaning of the statute governs." (*People v. Lopez* (2003) 31 Cal.4th 1051, 1056.) In other words, if there is "no ambiguity or uncertainty in the language, the Legislature is presumed to have meant what it said," and it is not necessary to "resort to legislative history to determine the statute's true meaning." (*People v. Cochran* (2002) 28 Cal.4th 396, 400-401.)

Under section 786, a juvenile court may not seal the records of a prior petition based merely on a minor's satisfactorily completing probation for an offense alleged in a later-filed petition. (*In re Y.A.* (Apr. 14, 2016, D068405) __ Cal.App.4th __ [2016 Cal.App. Lexis 282, pp. *1-*2].) The unambiguous language of section 786 requires the court to seal records pertaining to a "dismissed petition" based upon first finding that a minor has satisfactorily completed probation for an offense alleged in the petition.

Based on our review of the record, the court did not find that Minor satisfactorily completed probation for the offense alleged in his prior petition. To the contrary, the probation officer reported that, while Minor was on probation for his prior offense, Minor violated a state law by punching a school counselor who had been trying to stop him from fighting. The new incident resulted in a second petition being filed against Minor. The probation officer did not request or recommend the dismissal and sealing of Minor's prior petition. Therefore, the court's findings regarding satisfactorily completed probation were limited to the offense alleged in the second petition, G6253. The court correctly sealed the records relating to that offense alone.

4

We are not convinced by Minor's contention that section 786 should be interpreted to require a juvenile court to seal a minor's entire juvenile record based on findings that relate only to the most recently filed petition. Doing so would compel us to include language omitted from the statute in violation of "the cardinal rule that courts may not add provisions to a statute or rewrite it to conform to an assumed intent that does not appear from its plain language." (*People v. Connor* (2004) 115 Cal.App.4th 669, 692.) We presume the Legislature meant what it said in section 786 and need not look to the legislative history.

Minor argues the trial court's interpretation of the statute yields convoluted and/or absurd results. He contends the Legislature intended to streamline the sealing process for minors, yet now only a portion of his juvenile record is sealed and minors like him will have to understand and remember to request sealing of the remaining portion at a later date.

As we have indicated, the plain language of section 786 does not support the proposition that it was intended to be a panacea for all sealing issues. Section 786 provides for automatic sealing of records only if a minor first satisfactorily completes probation for the offense. Otherwise, a person retains his or her ability to request sealing of juvenile records at a later date. (See § 781; Cal. Rules of Court, rule 5.830.) This is not an extreme case in which it is appropriate to disregard unambiguous statutory language. (*Gorham Co., Inc. v. First Financial Ins. Co.* (2006) 139 Cal.App.4th 1532, 1543-1544 [courts should disregard unambiguous language "only in 'extreme cases'—those in which, as a matter of law, the Legislature did not intend the statute to have its

literal effect"].)

Because there is nothing in the record to suggest that Minor satisfactorily completed probation on the offense alleged in his prior petition, the juvenile court correctly limited its sealing order to Minor's later-filed petition.

DISPOSITION

The judgment is affirmed.


HALLER, Acting P. J.

WE CONCUR:


McDONALD, J.


IRION, J.

6