Filed 7/28/25  P. v. Wilcher CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>v.<br><br>STANLEY WILCHER,<br><br>　　Defendant and Appellant. | 2d Crim. No. B336379<br>(Super. Ct. No. SA046262)<br>(Los Angeles County) |

Stanley Wilcher appeals the trial court's postjudgment order striking his now-invalid Penal Code section 667.5, subdivision (b)[1] enhancements and resentencing him under section 1172.75.  Wilcher contends the court erred in reimposing the upper term and abused its discretion by not striking a prior serious felony enhancement.  We affirm.

---

[1] Statutory references are to the Penal Code.

## FACTUAL AND PROCEDURAL HISTORY
### *Stipulated sentence in 2003*

In 2002, Wilcher was charged with 10 sex-related offenses involving a minor. Count 10 alleged that Wilcher committed the crime of continuous sexual abuse of a child under the age of 14 from January 1998 to January 2001. (§ 288.5, subd. (a).) The People also alleged Wilcher had three strike prior convictions (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)), three prior serious felony convictions (§ 667, subd. (a)), and three prison priors (§ 667.5, subd. (b)), all for first degree residential burglaries.

In 2003, Wilcher waived his right to a preliminary hearing and jury trial, and reached a negotiated stipulated disposition. He pleaded no contest to count 10 and admitted a prior 1995 conviction for first degree residential burglary as a prior serious felony conviction and strike under the "Three Strikes" law. (§§ 667, subds. (a)(1), (e)(1), 1170.12, subds. (a)–(d).) Wilcher also admitted two other first degree residential burglary convictions from 1992 and 1989 as one-year prison prior enhancements. (§ 667.5, subd. (b).) While entering his plea and admissions, he acknowledged the disposition "means that the total would then be 39 years state prison."

The court found that Wilcher "expressly, knowingly, understandingly and intelligently waived [his] constitutional rights." It also found that Wilcher's plea was "freely and voluntarily made with a full understanding of it's [*sic*] nature and consequences."

Wilcher requested immediate sentencing, and the trial court sentenced Wilcher to 39 years in state prison: the upper term of 16 years, doubled to 32 years for the strike prior; five years for one prior serious felony enhancement; and one year

2

each for two prison priors. The People dismissed the remaining charges and enhancements in exchange for Wilcher's plea.

*Resentencing in 2024*

In January 2024, the trial court held a full resentencing hearing under section 1172.75 due to Wilcher's now-invalid one-year prison priors. In a sentencing memorandum, Wilcher's attorney requested a 12-year sentence, proposing the court impose the low term on count 10, strike the "discretionary" prior serious felony enhancement, and strike both one-year prior prison term enhancements. Wilcher requested the low term based on childhood trauma. Regarding the prior serious felony enhancement, Wilcher contended dismissal was warranted because the 1995 residential burglary conviction "was over 5 years old at the time of the plea." Wilcher also cited to section 1385, subdivision (c)(2)(C), because the "application of an enhancement could result in a sentence of over 20 years."

The People opposed the requested 12-year sentence. They agreed the one-year prison priors must be stricken but asked the trial court to "respect the intention of all parties at the time of the plea and sentencing and re-impose a sentence of 37 years." Regarding the imposition of the upper term, the People argued Wilcher's admissions to committing two prior residential burglaries were "numerous or of increasing seriousness" and his "prior convictions based on a certified record of conviction" justified imposition of the high term. The People also opposed striking the prior serious felony enhancement because of insufficient time between Wilcher's prior 1995 residential burglary conviction and the current offense.

At the resentencing hearing, the trial court told defense counsel: "You can argue the way you want to argue. But I am

3

going to select the high term and double it.  He admitted a strike, . . . which is what they did in the first place.  It was 16 times 2, for 32."  The trial court acknowledged that it had the discretion to strike the prior serious felony enhancement but found it should impose it because the 1995 residential burglary conviction was "very close in time to the [instant] offense.  It's not remote."

The court resentenced Wilcher to 37 years.  It struck the one-year prison prior enhancements, declined to strike the prior serious felony enhancement, and reimposed the upper term.  The trial judge stated these reasons for reimposing the upper term on count 10: "The court selects the high term, based on the nature of this case from what I can tell, from the offense itself, which is a sexual crime against a child.  The elements . . . of which are that the defendant had to have committed three such sex offenses within more than a three-month period to be able to charge this offense.  And the defendant had to have admitted all of the elements of the offense when he entered his plea.  So based on that and based on his record, which I've looked at from the certified rap sheet, that he not only had one prior strike or two prior strikes, but he had three prior strikes and very recent, in fact, from the time of this conviction."

## DISCUSSION

### *Reimposition of the upper term*

Wilcher contends that the trial court erred in imposing the upper term because it improperly relied on the elements of the offense, and on the number and severity of his prior convictions without a jury finding beyond a reasonable doubt.  We are not persuaded.

Senate Bill No. 136 (2019–2020 Reg. Sess.) (Stats. 2019, ch. 590, § 1) amended section 667.5, subdivision (b), by limiting the

4

prior prison term enhancement to prior terms for sexually violent offenses. (*People v. Escobedo* (2023) 95 Cal.App.5th 440, 445.) Thus, enhancements based on prior prison terms served for other offenses became legally invalid. (*Ibid.*) Senate Bill No. 483 (2021–2022 Reg. Sess.) later retroactively applied Senate Bill No. 136 "to all persons currently serving a term of incarceration in jail or prison for these repealed enhancements." It added former section 1171.1 (now section 1172.75) to the Penal Code. (Stats. 2021, ch. 728, § 3; Stats. 2022, ch. 58, § 12; see *People v. Burgess* (2022) 86 Cal.App.5th 375, 380.)

Section 1172.75, subdivision (c) requires the trial court to recall a sentence including a now-invalid prison prior enhancement and to resentence the defendant. Section 1172.75, subdivision (d)(1) mandates the trial court to impose "a lesser sentence than the one originally imposed . . . unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety." At resentencing, the court "shall apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (*Id.*, subd. (d)(2).) The court may also consider postconviction factors, including the defendant's disciplinary record, his rehabilitation, and age and physical condition affecting any risk for future violence, among other factors. (*Id.*, subd. (d)(3).)

Relevant here, section 1172.75, subdivision (d)(4) provides that "[u]nless the court originally imposed the upper term, the court may not impose a sentence exceeding the middle term unless there are circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle term,

5

and those facts have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (*Ibid.*)

The Attorney General correctly concedes that in reimposing the upper term, the trial court erroneously relied on Wilcher's plea to a violation of section 288.5, subdivision (a) as an admission that he committed three sex crimes against a child. The elements of the crime cannot be used to impose an aggravated term. (*People v. Castorena* (1996) 51 Cal.App.4th 558, 562; Cal. Rules of Court, rule 4.421(h).) We need not decide whether the court also erred in relying on an enhancement to impose the upper term and the number and severity of Wilcher's prior convictions. The question here is whether the resentencing court could reimpose Wilcher's stipulated upper term without a reasonable doubt finding under section 1172.75.

We conclude the answer is yes. As the Attorney General points out, Wilcher was sentenced pursuant to a "negotiated plea agreement." That agreement included an upper term on count 10. In exchange for dismissal of the remaining charges and to avoid a possible lengthier sentence or indeterminate term, Wilcher waived his right to a jury trial and agreed to a specified sentence. The trial court found that Wilcher's plea was knowing and voluntary. The trial court did not exercise its discretion to select the upper term but instead determined the agreed-upon disposition was acceptable. (*People v. Stamps* (2020) 9 Cal.5th 685, 701.) By accepting the stipulated sentence, the court was " ' "bound to impose a sentence within the limits of that bargain" ' " (*ibid.*) and lacked the discretion to unilaterally modify the agreement (*id.* at p. 702).

In our view, Wilcher's stipulated upper term sentence does

not raise Sixth Amendment concerns.  As our high court stated in *People v. Hester* (2000) 22 Cal.4th 290, 295, "Where the defendants have pleaded guilty in return for a *specified* sentence, appellate courts will not find error even though the trial court acted in excess of jurisdiction in reaching that figure, so long as the trial court did not lack *fundamental* jurisdiction."  (See also *People v. French* (2008) 43 Cal.4th 36, 49 [stipulated sentence pursuant to a plea "constitutes an implicit waiver of [the defendant's] right to contend that the sentence imposed" is unlawful].)  Wilcher cannot claim that the original sentencing court lacked fundamental jurisdiction.

Thus, the Sixth Amendment concerns in *Cunningham v. California* (2007) 549 U.S. 270, 275 and *People v. Lynch* (2024) 16 Cal.5th 730, 744 are not present here.  Unlike Wilcher, the defendants in those cases were not sentenced to stipulated sentences pursuant to plea agreements.  They were convicted by juries and their aggravated sentences were imposed based on facts found by a judge that were neither stipulated to by the defendant nor found true by their respective juries.  But here, there were no facts the original sentencing judge relied upon in imposing an aggravated sentence.  Wilcher received an upper term because he agreed to it.  And because section 1172.75, subdivision (d)(4) allows the resentencing court to reimpose an aggravated term if it was "originally imposed," we conclude a jury finding is not required for reimposition of that term.

Our Supreme Court's opinion in *People v. Wiley* (2025) 17 Cal.5th 1069, decided while this appeal was pending, is not to the contrary.  The defendant's plea to criminal threats there did not include "a negotiated base term sentence" or an "agreement to an upper term sentence."  (*Id.* at p. 1077, fn. 3.)  After the defendant

7

violated probation, the trial court nevertheless sentenced the defendant to the upper term based on two aggravating facts: the increasing seriousness of prior convictions and unsatisfactory performance on previous grants of probation.  (*Id.* at p. 1076.) Because these aggravating facts to impose the upper term were not tried to a jury, our high court reversed the conviction.  (*Ibid*.) But here, Wilcher agreed to a negotiated upper term base sentence.  Nor did the original sentencing court rely on any aggravating factors based on judicial factfinding necessitating a jury trial.

We acknowledge there is a split among the Courts of Appeal.  Our colleagues in the Third District in *People v. Brannon-Thompson* (2024) 104 Cal.App.5th 455, 458, concluded that aggravating factors need not be found true beyond a reasonable doubt if the upper term was previously imposed.  But our colleagues in the Sixth District in *People v. Gonzalez* (2024) 107 Cal.App.5th 312, 329, reached the opposite conclusion and held that section 1172.75, subdivision (d)(4) requires proof beyond a reasonable doubt in every resentenced case due to Sixth Amendment concerns.  We respectfully disagree with *Gonzalez* and agree with *Brannon-Thompson* because Wilcher's stipulated sentence obviates any Sixth Amendment concerns and the plain language of the statute allows reimposition of an upper term sentence.  (See *Brannon-Thompson*, at pp. 466–467; *People v. Lopez* (2003) 31 Cal.4th 1051, 1056.)  Because we find no error, we do not discuss the parties' arguments regarding harmless error.  Wilcher is not entitled to another resentencing.

*Prior serious felony enhancement*

Wilcher also contends the trial court abused its discretion in not striking the five-year prior serious felony enhancement

8

under section 667, subdivision (a)(1). We disagree.

Senate Bill No. 81 (2021–2022 Reg. Sess.) (Stats. 2021, ch. 721, § 1) amended section 1385 to specify mitigating circumstances a trial court must consider when deciding whether to strike enhancements in the interest of justice. (§ 1385, subd. (c)(1) & (2); *People v. Sek* (2022) 74 Cal.App.5th 657, 674.) We review denial of a motion to dismiss sentencing enhancements for abuse of discretion. (*People v. Carmony* (2004) 33 Cal.4th 367, 374.)

When exercising its discretion, "the court shall consider and afford great weight to evidence offered by the defendant to prove . . . any of the mitigating circumstances" set forth in section 1385, subdivision (c)(2). Among those circumstances are that "application of an enhancement could result in a sentence of over 20 years" (*id.*, subd. (c)(2)(C)), and "[t]he enhancement is based on a prior conviction that is over five years old" (*id.*, subd. (c)(2)(H)). "Proof of . . . one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety." (*Id.*, subd. (c)(2).)

There is no "rebuttable presumption" that the court *must* dismiss an enhancement or impose a lesser one "that can only be overcome by a finding that dismissal endangers public safety." (*People v. Walker* (2024) 16 Cal.5th 1024, 1033.) Rather, "if the court does not conclude that dismissal would endanger public safety, then mitigating circumstances strongly favor dismissing the enhancement." (*Id.* at p. 1036.) But the court must ultimately "determine whether dismissal is in furtherance of justice." (*Ibid.*) "This means that, absent a danger to public safety, the presence of an enumerated mitigating circumstance

9

will generally result in the dismissal of an enhancement unless the sentencing court finds substantial, credible evidence of countervailing factors that 'may nonetheless neutralize even the great weight of the mitigating circumstance, such that dismissal of the enhancement is not in furtherance of justice.' " (*Ibid.*)

We agree with the Attorney General's contention that the 1995 prior burglary conviction was not a "mitigating circumstance." At the resentencing hearing, defense counsel informed the trial court that striking the serious felony enhancement was "discretionary." The trial court nevertheless chose not to exercise its discretion to strike the enhancement because the 1995 residential burglary conviction was "very close in time" to the current offense. No abuse of discretion occurred here because the trial court's refusal to dismiss the enhancement based on section 1385, subdivision (c)(2)(H), was not "irrational or arbitrary," and was done to "achieve legitimate sentencing objectives." (*People v. Carmony*, *supra*, 33 Cal.4th at pp. 376–377.)

Nor did the court err in not striking the enhancement because its "application could result in a sentence of over 20 years" (§ 1385, subd. (c)(2)(C)). Wilcher admitted the strike prior, did not move to dismiss it pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, and the trial court reimposed the stipulated upper term of 16 years. Because the court was required to double Wilcher's upper term sentence to 32 years, the sentence already exceeded 20 years. And given its comments that Wilcher "should have a 25 to life sentence plus" and "was very fortunate to get a determinate term," the resentencing court in effect determined it was not in the "furtherance of justice" to dismiss the enhancement (§ 1385, subd. (c)(1)). There is no abuse

of discretion based on this record.

We also reject Wilcher's claim of ineffective assistance of counsel because it was raised for the first time in his reply brief. (*People v. Romero and Self* (2015) 62 Cal.4th 1, 25.) Wilcher also cannot show either deficient representation or prejudice. (*Strickland v. Washington* (1984) 466 U.S. 668, 684–685, 700.) The court rejected his counsel's request for dismissal and it clearly indicated it would impose the enhancement regardless of its discretion to impose a lesser sentence.

DISPOSITION

The judgment is affirmed.

<u>NOT TO BE PUBLISHED.</u>

BALTODANO, J.

We concur:

GILBERT, P. J.

YEGAN, J.

11

Lauren Weis Birnstein, Judge

Superior Court County of Los Angeles

_____

Heather J. Manolakas, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle and Viet H. Nguyen, Deputy Attorneys General, for Plaintiff and Respondent.